Charles" B. Swartwood, J.
This is a proceeding pursuant to CPLR article 78 to correct the jail time with which the petitioner has been credited against the two sentences he is serving at the Elmira Correctional Facility.
The petitioner was arrested and jailed on February 1, 1969 for a crime committed on January 31, 1969 under Indictment No. 26812 in Nassau County. He was released on bail on that charge on February 14, 1969. While he was on bail, he committed another crime on November 17, 1970 in Kings County and was indicted under Indictment No. 5735/1970 and was jailed for this crime on December 4, 1970, first at Rikers Island *164 Penitentiary until he became 21 years of age and then at the Brooklyn House of Detention (Kings County). He continued in jail in Kings County until March 10, 1972.
During the period he was thus in jail a bench warrant was issued on March 8, 1971 and later an order by the County Court of Nassau County under date of December 7, 1971 was issued to the Superintendent of Bikers Island Penitentiary to deliver the petitioner to the Sheriff of Nassau County for incarceration in Nassau County pending trial of the indictment in Nassau County. This order was in the nature of a so-called “ detainer warrant ”. -A subsequent order of the same nature by the same court was issued again on March 6, 1972.
On March 10, 1972 the petitioner pleaded guilty to the Kings County Indictment No. 5735/1970 and was sentenced by the Supreme Court (Binaldi, J.) to a maximum indeterminate term of three years. He was thereupon returned to Nassau County and held until March 28, 1972 when he pleaded guilty to attempted robbery and was sentenced to another maximum indeterminate term of three years. The Nassau County Court’s judgment of March 28, 1972 provided after the sentence as follows: ‘ ‘ This sentence to run concurrently with sentence imposed on Jan. 1972 • [sic] by Judge Binaldi under Ind. # 5735-70”. The reference to “ Jan. 1972 ” is conceded to be incorrect and should have read “ March 1972 ” since it clearly refers to his conviction and sentence by Justice Binaldi in Kings County on March 10, 1972.
He was delivered to the custody of the Department of Correction on April 19, 1972 and was credited with jail, time against the Kings County Court conviction and sentence of March 10, 1972 with 502 days, apparently based on the time .period from his arrest on December 4, 1970 and incarceration for the crime committed in Kings County on November 17, 1970 until his transfer to the Department of Correction on April 19,1972. He was credited with 36 days’ jail time against the Nassau County conviction and sentence based apparently on his incarceration and arrest on February 1, 1969 in Nassau County until his release on bail on February 14, 1969 and for the period of March 28, 1972, the date of his conviction and sentence, in Nassau County, until April 19, 1972 when he was •transferred to the Department of Correction.
He was correctly given credit against both sentences for the period March 28,1972 to April 19,1972 since the Nassau County Court judgment provides that the two sentences shall run concurrently.
*165 Also, the petitioner is not entitled to credit against his Nassau County sentence for the period from the first sentence in Kings County on March 10, 1972 until his second sentence in Nassau County on March 28, 1972 since he was then serving time for a previously imposed sentence under subdivision 3 of ■section 70.30 of the Penal Law. (People ex rel. Coates v. Martin, 8 A D 2d 688; Matter of Canada v. McGinnis, 36 A D 2d 830, affd. without opn. 29 N Y 2d 853.)
He was properly credited with jail time from the time of his incarceration in Nassau County for the charge in that county from February 1, 1969 to his release on bail on February 14, 1969 and from the date of his conviction and sentence there on March 28, 1972 until April 19, 1972 when he was trans-' ferred to the Department of Correction.
The problem arises with respect to the period December 4, 1970 wh.en he was jailed for a crime committed in Kings County on November 17, 1970 until his conviction there on March 10, 1972. He has been properly credited with this jail time against his Kings County sentence under subdivision 3 of section 70.30 of the Penal Law. The question is whether he should receive credit for this same period of time against his Nassau County sentence. The question is not without difficulty. The Department of Correction at one point credited him with his period of jail time against his Nassau County sentence and then reversed itself and now contends that he is not entitled to this period as a credit against his Nassau County sentence. We find no authority on this precise point.
Subdivision 3 of section 70.30 of the Penal Law so far as it is applicable here provides as follows: ‘ ‘ The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:
“(a) If the sentences run concurrently, the credit shall be applied against each such sentence ”.
Under paragraph (a) above the direction is that where as Jiere the sentences are to run concurrently, petitioner would be entitled to credit for the time he was held in Kings County against his Nassau County sentence unless this is restricted by the preceding language. It is not so restricted with regard to “ any previously imposed sentence ” since until March 10, *166 1972 when he whs convicted in Kings County he was not under any sentence.
However, the language “ custody under the charge commenced ” does provide a limitation. Petitioner was not- in custody under the Nassau County charge since he was released on bail on February 14, 1969 by that court until at least December 7, 1971 when the order of the Nassau County Court directing his transfer to the Nassau County Jail was issued. The effect of this order, 'though it directed his return to Nassau County on December 14, 1971 and was not then executed, was to make petitioner ¡subject to custody under the Nassau County indictment. He could not be in two places at once and was being effectively held subject to both the charge in Nassau County and .the one in Kings County. That the authorities chose not to follow the order but retained petitioner in Kings County requiring a second order from Nassau County does ..not change the fact that in actuality he was being held in custody for ¡the charges pending in- both counties. Had he been released to Nassau County under the first order, most assuredly he would have been subject to a similar order from the court in Kings County. The vagaries of administrative process and precedence in the right to try him cannot deprive him of his right to credit for jail time when he was actually in custody subject to both charges.
Therefore, petitioner is entitled to credit for jail time against his Nassau County sentence for the jail periods from February 1, 1969 to February 14, 1969, from December 7, 1971 to March 10, 1972 and from March 28¡, 1972 to April 19, 1972.
As we have said, he was correctly credited with jail time against his Kings 'County sentence.
The Commissioner of the ¡State Department of Correctional Services is ordered to credit the petitioner with jail time in accordance with .this decision.