Irving Goldman, J.
After trial, this relator was sentenced in Onondaga County on April 26, 1965, to a term of 20 to 40 years *582 for various felonies. While serving this sentence at Attica State Prison, he was returned to Onondaga County where he pied guilty to yet another crime he had committed, and received a sentence of[1] 20 to 40 years. The later sentence was imposed on August 30, 1966, and was to run concurrently with the prior sentence.
Relator, now a resident of Adirondack Correctional Treatment and Evaluation Center, contends that he is eligible to meet with the Parole Board visiting this facility the week following the instant hearing in accordance with subdivision 3 of section 212-a of the Correction Law. It provides, in essence, that prisoners who have served a minimum period of eight years and four months become eligible for release on parole. Relator computés this period from the commencement of the earlier sentence (April 26, 1965) while the respondent Superintendent uses the date of the later sentence (August 30,1966) for his computation.
The pertinent provisions of section 212-a of the Correction Law provide:
“ 3. * * * Any person who is not otherwise or who will not sooner become eligible for release on parole shall be or become eligible for release on parole under such sentence after service of a minimum period of'imprisonment of eight years and four months.
“ 4. In calculating time required to be served prior to eligibility for parole under the minimum periods of imprisonment established by this section the following rules shall apply: # # #
“ (b) Where an inmate is under more than one sentence, (i) if the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences, and (ii) if the sentences run consecutively, the minimum periods of imprisonment shall merge in and be satisfied by service of the period that has the longest unexpired time to run; * * *
“ (d) Calculations with respect to £ jail time ’ * * * shall be in accordance with the provisions of subdivisions three, five and six of section 70.30 of the penal law * * * of nineteen hundred sixty-five, as amended.”1 (Emphasis added).
From this language, it appears to this court that the required eight-year and four-month period should have been applied towards the sentence first imposed as the relator contends.
*583 No cases officially reported on this particular, point have been found but to this court, the rationale inspiring the section is this: The prolonged incarceration of a prisoner beyond a given length of time serves neither his nor society’s purpose unless society’s protection compels his continued isolation. After eight years and four months, a Parole Board should be able to make an informed judgment whether the prisoner has been sufficiently rehabilitated or, at least, chastened that he is capable of reabsorption within society’s mainstream and willing to conform to its laws and mores. Whether this period of time spent in prison is in satisfaction of an earlier or later sentence is immaterial. It is to be noted that had relator’s sentences been consecutive rather than concurrent and thus even longer and harsher, nonetheless, minimum periods of imprisonment would merge so that the required eight-year, four-month period would have been computed from the first sentence imposed. (Correction Law, § 212-a, subd. 4, par. [b], cl. [ii].)
Accordingly, the Superintendent is directed to recompute the inmate’s period for eligibility to meet the Parole Board as of April 26, 1965, with credit to be given for his jail time of 11 months and 2 days.

. The 11 months and 2 days of jail time which, relator served were included by tie Superintendent in his computation and are not in issue.