■ THE PEOPLE OF THE 'STATE OF NEW YORK ex rel. CHARLES MIDDLETON, Appellant, v. JOHN L. ZELKER, as Superintendent of Green Haven Correctional Facility, Respondent.— In a proceeding pursuant to article 78 of the CPLR to compel respondent to apply 556 days of jail time credit against two concurrent sentences imposed against petitioner, one in each of two counties, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 9, 1972, which dismissed the proceeding after a hearing. Petitioner's notice of appeal is hereby amended to show the correct date of entry of the judgment, May 9, 1972, instead of June 15, 1971, which is the date of the underlying decision of Special Term. Judgment reversed, on the law and in the interests of justice, and petition granted to the extent indicated herein, without costs. On May 27, 1968 petitioner was arrested upon a Kings County charge and, while incarcerated there, a warrant issued on June 27, 1968 was filed against him by Westchester County authorities for an unrelated robbery. On April 30, 1969 he pleaded guilty to robbery in the third degree in satisfaction of the ensuing Kings County indictment. He was then transferred to Westchester County pursuant to the above-mentioned Westchester warrant and he similarly pleaded guilty there to robbery in the third degree, for which he was sentenced, on October 17, 1969, to an indeterminate term of imprisonment not to exceed seven years. Thereafter, he was transferred back to Kings County and on November 25, 1969 was sentenced there to an indeterminate term of imprisonment not to exceed four years, to run concurrently with the Westchester County sentence. Under section 70.30 (subd. 1, par. [a]) of the Penal Law, such sentences merge in and are satisfied by the term which has the longest unexpired time to run, the Westchester sentence in this case. In our opinion, it was error to credit petitioner with jail time on the Westchester sentence only from the time he was physically surrendered to Westchester. He is entitled to be credited with time served from the date of the issuance of the Westchester warrant (which we are treating as the filing date, since the proper agencies were unable to furnish that information), because from that date he was in the constructive custody of Westchester County. Therefore, he is entitled to 526 days of jail time credit. Subdivision 3 of section 70.30 of the Penal Law provides, *inter alia*, that the maximum term of an indeterminate sentence imposed on a person shall be credited with the time he spent in custody prior to the commencement of the sentence as a result of the charge that culminated in it; and that, where the charge or charges culminate in more than one sentence and such sentences run concurrently, the credit shall be applied against each such sentence. We do not find any valid reason why this section should not apply to the situation at bar. Moreover, petitioner should be granted the credit in the interests of justice. Otherwise, he would in effect be serving consecutive sentences, at least to the extent of the credit he has not received, and this would not be in keeping with recent liberal trends favoring concurrent sentences. Gulotta, Christ and Brennan, JJ., concur; Shapiro, Acting P. J., and Benjamin, J., concur in the amendment of the notice of appeal, but otherwise dissent and vote to affirm, with the following memorandum: In our view, petitioner is not entitled to credit on both the Kings County and Westchester County charges for the time spent in the Kings County jail. The issue is of importance because petitioner is serving concurrent terms, of which the one imposed in Westchester County is the longer. When concurrent sentences are imposed, " the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run "

(Penal Law, § 70.30, subd. 1, par. [a]). Therefore, the Westchester County sentence, for a maximum of seven years, is the "controlling" sentence for determining the maximum expiration date of the concurrent sentences. The controlling statute (Penal Law, § 70.30, subd. 3) provides that the "term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of *the charge* that culminated in the sentence" (emphasis supplied). The charge on which petitioner was in custody in Kings County was on a Kings County indictment. He was not in custody on the Westchester charge until he was surrendered to the Westchester County authorities on the warrant which had been lodged against him in Kings County. Any possible doubt as to the legislative intention is resolved by recourse to the final paragraph of subdivision 3 of section 70.30 of the Penal Law. It provides: "In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody." The clear purport of this paragraph is that if, while a person is in custody on a charge, a warrant or commitment is lodged against him with regard to another charge, he is only entitled to credit for jail time on the latter charge if the charge on which he is in custody results in an acquittal or dismissal. As the Kings County charge resulted in a conviction, petitioner is not entitled to credit for jail time on the Westchester charge for the time spent by him in custody on the Kings County charge.