Edward .S. Conway, J.
This is an article 78 proceeding brought by the petitioners asking this court for a judgment ordering the respondents to furnish petitioners and members of their class a statement of the reasons why their parole has been denied.
Respondents make a cross motion to dismiss the petition on the grounds: (1) petitioners are not an aggrieved .person and not the real party in interest; (2) this court lacks jurisdiction to entertain this proceeding; (3) there is no basis in law for this proceeding; (4) there is no clear legal right to the relief sought; (5) the proceeding, in part, is brought beyond the limitation of time fixed by the CPLR 217; (6) it fails to state facts sufficient to constitute a cause of action; (7) the court should not entertain this proceeding on behalf ¡of a class pursuant to CPLR 1005 (subd. [a]); and (8) venue does not lie *358 in this judicial district pursuant to CPLR 7804 (subd. [b]) and CPLR 506 (subd. [b]).
The named petitioners are four inmates presently incarcerated under the supervision of the New York Department of Correctional Services. They have all appeared before the Parole Board and have been denied parole release. After the denials they made written requests to the respondent, Paul J. Regan, that they be furnished with the reasons for the parole denial and they have not received the requested information.
Petitioners contend that the practice of not giving reasons for parole denial is arbitrary, capricious and unlawful and deprives inmates of due process of law in contravention of the Constitution of the United States and the Constitution of the State of New York. They also contended the request is one of common and general interest to all inmates residing in State correctional facilities, and thus, the named petitioners bring this proceeding for the benefit of all pursuant to CPLR 1005 (subd. [a]). The petitioners further contend that the respondents’ policy contravenes the rehabilitative purposes which the correction system in general and parole in particular are designed to foster, and that the inmates are continually injured in that they do not know what future behavior or adjustments in their institutional program might meet the board’s approval.
The respondents contend in their motion to dismiss the petition that because the petition is executed and verified by the attorney for petitioners the application is defective, because the attorney is not the aggrieved party. The court cannot agree with this contention of respondents. The verification of the petition was made by the attorney for the petitioners rather than petitioners, as petitioners are not within the county where the attorney has his oEces (CPLR 3020, subd. [d], par. 3). The respondents further contend that the application should not be treated as a class action as the wrong complained .of is individual to each inmate involved. The court cannot agree with this contention of respondents. Class actions are permitted by CPLR 1005 (.subd. [a]) if the following elements are present: (1) a question of common or general interest to many persons; (2) the impracticability of bringing all parties before the court; and (3) a claim which is representative for all concerned. This application meets the test.
The respondents further contend .that the proceeding as it relates to petitioners Cummings, Johnson and Morris is precluded by limitations of time set by CPLR 217. The court cannot agree with this contention of respondents. In the case *359 of a failure of a body or officer to perform its duty, the period runs from the time of refusal after demand. As respondents have ignored the requests of petitioners for said reasons but never expressly refused to provide them with reasons, the proceeding is timely and not barred by the Statute of Limitations. The respondents’ further contention that the venue has been improperly laid is also rejected by this court as the events precipitating the petition occurred in Albany County.
The court will now turn to the more serious contentions of respondents, that the denial of parole release is discretionary and is a judicial function not re viewable if done in accordance with law, and the right to have reasons given must be grounded in statute. The further contention of respondents is that the failure to give reasons for denial of parole is not a denial of due process because a granting of parole is not an existing private interest.
A prisoner, of course, has no accrued “right” to parole. But the parole statute provides for release in circumstances that are defined, although hedged with a requirement that the Parole Board be of the “ opinion ” that the “ probability ” that the prisoner is ready for parole exists (Correction Law, § 213). Under such a statute the prisoner has the right to equal treatment with all other prisoners, and has an earned ‘ ‘ right ’ ’ to parole if the board is in fact of the opinion that there is a reasonable probability that, if released, the prisoner will live and remain .at liberty wtihout violating the law. Effective judicial review to assure that the prisoner is not denied his. conditional “rights” without due process, however, requires a statement of the ground of any decision denying parole, for only in that way can the reviewing court determine whether or not the decision is without foundation in fact, or is discriminatory, or is infected by reference to factors that may not properly be considered (United States ex rel. Johnson v. Chairman, N. Y. State Bd. of Parole, 363 F. Supp. 416; Smartt v. Avery, 370 F. 2d 788). Further, the need for fairness is as urgent in the parole process as elsewhere in the law, and as a general matter, the furnishing of reasons for denial would be the much fairer course; not only much fairer but much better designed towards the goal of rehabilitation (see United States ex rel. Bey v. Connecticut State Bd. of Parole, 443 F. 2d 1079, 1085, 1086; Monks v. New Jersey State Parole Bd., 58 N. J. 238). The court in United States ex rel. Johnson v. Chairman, N. Y. State Bd. of Parole (supra, p. 419) said: “In parole release cases the most basic of human liberties is involved, the *360 interest in freedom, from imprisonment, and the governmental function, determination of parole eligibility, is one of the highest importance, for it is directly related to the safety of people in their persons and property, and of the greatest difficulty, for it requires predictive evaluation of human conduct in one of the most complex of human 'situations, and in circumstances in which erroneous decision is inevitably destructive either of individual or of public interests of manifest importance. But the difficulty of decision and the patent risks involved in giving expression to the ground of a decision denying parole — inviting deceptive enactment of an unreal ‘ rehabilitation ’ charade — cannot justify mute denials that create a risk of anomie and deny guidance.”
It is the opinion of this court that it is in the best interest of the people of this State that every possible step be taken to increase the correction aspect of our correction system. It is in the interest of the people that persons be released from our correctional institutions “ corrected ” to the best of our ability and their capacity, rather than just punished. This court will take judicial notice of the fact that there are great numbers of prisoners who are not correctable, but will also take judicial notice that there are many who can be corrected and that are seeking correction iand anything that can or might help them along that path must be done.
This does not mean that the Parole Board must make findings of fact, and must comment on every item in the prisoner’s file and relate it to the standards of the statute governing parole. It does mean that the board must, however briefly, state the ultimate ground of its decision denying parole with sufficient .particularity to enable the prisoner to understand how he is expected to regulate his behavior and to enable a reviewing court to determine whether inadmissible factors have influenced the decision, and to determine whether discretion has been abused.
"Therefore, the petition is granted and the respondents are ordered to furnish the petitioners and members of their class a statement of the reasons why their respective releases on parole have been denied.