Irving Goldman, J.
Elbert C. Bennett, petitioner, brings this proceeding seeking a judgment directing the respondents to state their reasons why his release on parole was denied. In substance, petitioner argues that unless the specific reason is stated, he will be denied “ due process ” in that an arbitrary decision by the board could not be judicially reviewed.
*1080 Respondent replies that the granting of parole is for the board’s discretion and that the board is under no statutory duty to give a prisoner any explanation for its action; that the Correction Law (Correction Law, § 213) provides for the discretionary release and parole of prisoners only if the board is of the opinion that there is a reasonable probability that the parolee will remain at liberty without further violation of the law. Nowhere in the Correction Law is the board required to set forth its findings or to state the reasons for its conclusions.
There have been instances of New York courts reviewing the action of the parole board where there was indication of arbitrary action. Nonetheless, Matter of Hines v. State Bd. of Parole (293 N. Y. 254, 257) is the often cited authority for the principle that so long as the board violates no positive statutory requirement, its discretion is absolute and beyond review in the courts. More recently, in Matter of Hamm v. Regan (43 A D 2d 344) this department reversed Special Term which had required the Board of Parole to set forth its statement of reasons for denial of parole stating (p. 346): “ We begin with the proposition that, in rendering an initial decision, the Board of Parole was under no statutory duty to give a prisoner any explanation for its action. ”
Some Federal cases have taken the position of the petitioner suggesting that judicial scrutiny is unavailable unless the prisoner is informed of the ultimate reason for denial of1 parole; that his 11 conditional rights ” to parole (and thus liberty) not be denied without-11 due process ”. (United States ex rel. Johnson v. Chairman, N. Y. State Bd. of Parole, 363 F. Supp. 416.) Matter of Cummings v. Regan (76 Misc 2d 137) and Matter of Cummings v. Regan (76 Misc 2d 357) both decided prior to the Hamm (supra) decision, adopted the Federal rule in Johnson (supra) and granted the petitioner’s motion to compel the Board of Parole to set forth reasons why release on parole was denied.
However, Cummings (76 Misc 2d 357, supra) was recently reversed by this department (45 A D 2d 415) citing Hamm (supra). and holding that the board is under no constitutional duty to state its: reasons since inmates eligible for parole consideratiou have already been deprived of their liberty by due process of law. In view of this decision, the question raised here is resolved against the petitioner as far as this department is concerned, and counsel will not be required to submit memoranda as requested at the August 6, 1974,hearing.