Irving Goldman, J.
In this proceeding for a writ of habeas corpus, relator, a resident of Camp Adirondack, contends that his jail time has been improperly credited to his concurrent prison sentences. As a result, he argues that the day for his conditional release has already passed.
On November 7, 1973, the Supreme Court of Richmond County sentenced the relator to an indeterminate sentence of three years for the confessed crime of grand larceny, third degree. When received at Ossining Correctional Facility on November 27, 1973, he had earned 338 days of jail time according to the certification endorsed on his commitment. While at Ossining and on December 12, 1973, he was again taken into custody by Richmond County officials for appearance in Supreme Court on the felony charge of unlawful possession of weapons. Upon his guilty plea, he received an additional indeterminate three-year sentence which was ordered to run concurrently with his "sentence now being served”. His resulting commitment to Ossining bore an endorsement certifying that petitioner had spent 49 days in jail on this later sentence.[1]
Petitioner contends that his conditional release date should *880 have been December 18, 1974 while respondent computes it to be October 29, 1975.
In computing the relator’s maximum release and conditional release dates, the respondent superintendent used this method: each sentence was considered independently and the jail time served with respect to it was applied. Thus, for the first imposed indeterminate three-year sentence (grand larceny) the following computation was used:
Years Months Days
Maximum sentence (3 years) 3 0 0
Less: jail time credit (338 days) 0 11 _8
Time to be served 2 0 22
Add: date received in prison 1973 Uth 27th
Maximum expiration sentence date Less: anticipated "good time” 1975 12th 18th
credit[2] 1 0 0
Possible conditional release date 1974 12th 18th
Similarly, the computation for the later sentence shows:
. Years Months Days
Maximum sentence 3 0 0
Less: jail time credit (49 days) 1 19
Time to be served 2 10 11
Add: date received in prison 1973 12th 19th
Maximum expiration date 1976 10th 29th
Less: anticipated "good time” 1 0 0
Possible conditional release date 1975 10th 29th
The Penal Law provides that when indeterminate concurrent sentences are imposed "the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run”. (Penal Law, § 70.30, subd 1, par [a].) Accordingly, relator’s later sentence for the weapons charge would control if no credit is given on that sentence for the 338 days spent in jail on the earlier grand larceny charge.
Inmate Giannone insists that his conditional release date should be December 18, 1974, since, he argues, all his jail time should be credited to both sentences. The date of December 18, 1974 is arrived at by applying the 338-day jail time credit to the earlier sentence. To this allocation, both relator and *881 respondent agree. The disagreement arises when the respondent refuses to apply the same jail time credit to both sentences. When respondent applies the 338 days only to the earlier sentence, he follows the literal provision of subdivision 3 of section 70.30 of the Penal Law which provides: "3. Jail time. The * * * maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence * * * The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows: (a) If the sentences run concurrently, the credit shall be applied against each such sentence” (emphasis supplied).
Assuming that the respondent has correctly applied the jail time credit, the second sentence would control, not only because it was imposed later in time (and thus have a longer maximum) but also because less jail time could be credited to it. The inmate spent a grossly longer period of time in jail on the earlier larceny charge thus leaving it with the shorter unexpired period of time to be run. The weapons charge sentence would then have the "longest unexpired time to run” and its maximum term controls. (Penal Law, § 70.30, subd 1, par [a].) It is with this latter premise that the petitioner takes issue. He contends that by following the respondent’s method of computation, in effect, he is compelled to serve what is tantamount to consecutive sentences, since the 338 days he spent in confinement on the "shorter” larceny charge (albeit jail rather than prison) are days of confinement actually "lost”. Crediting these days only to the earlier sentence compels such sentence to be the shorter, with the result that just brief jail time is credited to the later sentence and what were intended as concurrent sentences are not. The result: he will have spent 387 days in jail (338 plus 49) with no effective credit at all being reflected on his prison term. Were his jail time credited to both sentences, his conditional release date would long have passed. As it is, with the conditional release date of October 29, 1975, proposed by the respondent, relator Giannone will have spent from January 1, 1973 to October 29, *882 1975 — barely two months short of three years — in confinement.
Respondent’s position indeed embraces a circular argument, in that how the jail time credit is applied will determine which sentence will be the longer and will control. But the literal reading of the statute requires the application of respondent’s method of computation since the statute restricts application of jail time credit "against each such sentence.” Had the Legislature intended the credit to be applied to both sentences, the adjectives any, all or both could or would have been used. They were so employed in the first subdivision of section 70.30 of the Penal Law, the section under which relator Giannone’s term was calculated. Thus, the statute is explicit in requiring that time served in prison be credited against the minimum of all rather than a particular sentence where sentences are concurrent.[3]
Thus, construction of the explicit language of the statute compels dismissal of Giannone’s petition. Yet,, no reported decision can be found on facts closely similar to those embraced in his matter.
Matter of Canada (29 NY2d 853) could be considered determinative of the issue. As here, Canada had been transferred from Ossining Correctional Facility where he was serving a IV2 year sentence imposed in May, 1968, to the Manhattan Detention Center to await trial on a different charge. That trial resulted in a seven-year sentence imposed in September 1968 to run concurrently with his first sentence. Canada claimed that since his two sentences merged, he was entitled to have the jail time he earned awaiting trial on the later charge, credited to the seven-year or longer sentence. Special Term sustained Canada’s position. The Appellate Division reversed (Matter of Canada v McGinnis, 36 AD2d 830), holding that since Canada was serving a sentence under a prior conviction when transferred to jail, such time served in jail was simply a part of his first sentence and "in such case, credit cannot be given for the same period of time towards the second sentence.”[4] The Court of Appeals affirmed without opinion.
*883 Although Canada could be interpreted as holding only that a prisoner serving a prison sentence when transferred to a jail for purposes of trial on a different charge, is credited for such jail time only on the previously imposed sentence he had been serving, it also is dispositive of the dual credit issue raised here since concurrent sentences were imposed. In the syllabus to the Court of Appeals decision, reference is made to section: 70.30 (subd 3, par [a]) of the Penal Law relating to jail time credit for concurrent sentences so that apparently the argument for dual credit because of concurrent sentences entered the court’s consideration. Otherwise, the statutory reference to that paragraph becomes superfluous.
Since the Canada decision, however, a novel concept — "constructive custody” — has arisen with reference to jail time credit where concurrent sentences are imposed. This concept was first articulated in Meadows v Ternullo (73 Misc 2d 163), cited by petitioner in support of his contention. It recently received an imprimatur from the Court of Appeals in People ex rel. Middleton v Zelker (36 NY2d 691), decided February 18, 1975. But petitioner’s reliance on Meadows is misplaced, since the jail time credit he claims does not have its origin in a "constructive custody situation”. This concept of constructive custody is derived from the wording of subdivision 3 of section 70.30 of the Penal Law wherein it is provided "The credit herein provided shall be calculated from the date custody under the charge commenced(Emphasis added.) Meadows and other cases,[5] culminating in Middleton v Zelker (supra), arise from a commonplace set of circumstances. The miscreant is jailed for a second crime committed while on parole or released pending sentence for a prior crime; or, while in jail on one crime, is transferred to a different jurisdiction for trial because of a detainer warrant filed and which arose from a crime previously committed in the demanding jurisdiction. Ultimately, he receives concurrent sentences. In these cases where the detainer was filed, jail time credit was granted on both sentences, if concurrent, on the theory that the defendant was required to be held in custody by virtue of the detainer warrant for the prior crime as well as the *884 immediate criminal charge.[6] The court in Middleton (supra, p 692), in a 4-3 decision affirmed the Appellate Division, Second Department (42 AD2d 998), which was similarly divided, reiterating the "constructive custody” fiction and further stating that: "moreover, he should be granted the credit in the interests of justice, since he would otherwise, in effect, be serving consecutive sentences, and this would not be in keeping with recent liberal trends favoring concurrent sentences.”[7]
Unfortunately for Giannone, none of these cases apply, since the jail time for which he claims credit was not served by reason of any detainer warrant for a prior crime.[8]
Petitioner has attempted to request further relief by his petition, i.e., to require the parole board to state its reasons for denying him parole. Since he has not made the parole board a party to this proceeding, the court cannot entertain his request. But, were it able to do so, it would deny it for the *885 reasons given in its response to a similar request in Matter of Bennett v Regan (78 Misc 2d 1079), where the court was constrained to follow this department’s holding in Matter of Cummings v Regan (45 AD2d 415).
Accordingly, the petition and writ are dismissed.

. A period from October 9, 1973 to November 26, 1973 according to the record.

. The conditional release date was determined by crediting a theoretical "good time” credit of 10 days for each month of time to be served. For a three-year sentence, a credit of 360 days or one year would have been earned resulting in the one-year reduction from the maximum release date. (Correction Law, § 803; Penal Law, § 70.40.)

. Subdivision 1 of section 70.30 reads: "Where a person is under more than one indeterminate sentence, the sentences shall be calculated as follows: (a) If the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences” (emphasis supplied).

. Subdivision 3 of section 70.30 of the Penal Law provides that jail time credit *883 "shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject.”

. Powell v Malcolm (44 AD2d 65); Matter of Manning v Vincent (45 AD2d 1009).

. In Meadows (supra), the defendant committed his second crime in Kings County while still under a charge in Nassau County. Nassau lodged a detainer warrant for him while in jail in Kings. After being sentenced in Kings, he received a concurrent sentence in Nassau. In granting Meadows jail time credit on his Nassau sentence for time spent in Kings after the warrant was lodged, the court explained its rationale thus (p 166): "The effect of this order, though it directed his return to Nassau County on December 14, 1971 and was not then executed, was to make petitioner subject to custody under the Nassau County indictment. He could not be in two places at once and was being effectively held subject to both the charge in Nassau County and the one in Kings County. That the authorities chose not to follow the order but retained petitioner in Kings County requiring a second order from Nassau County does not change the fact that in actuality he was being held in custody for the charges pending in both counties. ” (Emphasis supplied.)

. After Middleton had been arrested and held in Kings County, a Westchester warrant was filed in Kings for an unrelated crime. Following his guilty plea in Kings County, he was transferred to Westchester where he received an indeterminate seven-year sentence. He was returned to Kings and was given an indeterminate four-year sentence to run concurrently with the Westchester sentence. The Second Department held he: "[was] entitled to be credited with time served from the date of the issuance of the Westchester warrant, [treated as the date of its filing in the absence of information as to the filing date], because from that date he was in the constructive custody of Westchester County. ”(42 AD2d 998, supra; emphasis added.)

. Kindred problems relating to concurrent sentences have surfaced: e.g., the unsuccessful attempt to have a New York sentence run concurrently with a Federal or out-of-State sentence was forbidden in People v Schatz (45 AD2d 853); People v Schiraldi (80 Misc 2d 103). Section 70.25 and subdivision 1 of section 70.30 of the Penal Law appear to forbid this. Interesting commentary on how this law affects plea bargaining is contained in Judge Wilkes’ decision in People v Vitale (80 Misc 2d 36). How to compute the period for eligibility for parole under section 212-a of the Correction Law? From date of imposition of first or second sentence where concurrent? People ex rel. Miles v LeFevre (74 Misc 2d 581) held that time was to be computed on basis of time served on first sentence.