Andrew V. Siracuse, J.
This is a petition pursuant to CPLR article 78 for an order compelling the Commissioner of the New York State Department of Correctional, Services and the Superintendent of the Auburn Correctional Facility to recompute the petitioner’s parole eligibility date.
There does not appear to be any dispute as to the facts. Petitioner’s first sentence, on April 28, 1967, was to the Elmira Reformatory for a term not to exceed five years after a plea of guilty to a charge of attempted grand larceny in the second degree in the Suffolk County Court. The petitioner began his sentence at the Elmira Reformatory on June 19, 1967 and was credited for six days’ jail time. Thereafter, on October 29, 1968, petitioner was sentenced in the Nassau County Court after conviction by jury trial of robbery in the first degree, grand larceny in the first degree, and five counts of assault in the second degree. His sentence was 10 to 30 years in prison on the robbery conviction with lesser concurrent terms for the other offenses which were allegedly committed at the time of the commission of the robbery. The old Penal Law was applied to the second sentence since the crime occurred prior to September 1, 1967, and the court determined that this sentence was to run consecutive to the first sentence. On April 22, 1970, the New York State Board of Parole paroled the petitioner from his first sentence in order to permit him to begin serving time on his second sentence.
Basically, the question is whether the petitioner is entitled to the benefit of section 212-a of the Correction Law, more specifically, whether section 212-a of the Correction Law requires that petitioner be paroled eight years and four months from the date of his incarceration on the first sentence.
Section 212-a of the Correction Law provides in relevant part as follows:
"3. The provisions of this subdivision shall apply in any case *944 where a person is under a sentence imposed pursuant to the penal law in effect prior to September first, nineteen hundred sixty-seven, other than a sentence specified in subdivisions one and two of this section. Any person who is not otherwise or will not sooner become eligible for release on parole shall be or become eligible for release on parole under such sentence after service of a minimum period of imprisonment of eight years and four months.
"4. In calculating time required to be served prior to eligibility for parole under the minimum periods of imprisonment established by this section the following rules shall apply:
"(a) Service of such time shall be deemed to have commenced on the day the inmate was received in an institution under the jurisdiction of the department pursuant to the sentence;
"(b) Where an inmate is under more than one sentence, (i) if the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences, and (ii) if the sentences run consecutively, the minimum periods of imprisonment shall merge in and be satisñed by service of the period that has the longest unexpired time to run; * * *
"5. The provisions of this section shall not be construed as diminishing the discretionary authority of the board of parole to determine whether or not an inmate is to be paroled. The board of parole shall establish special rules for the appearance before the board of those inmates who are or become eligible for parole by virtue of this section on the effective date of this section or within six months after such date and no such inmate shall have the right to require the board to make a determination prior to the expiration of six months from the date he becomes eligible under this section.” (Emphasis added.)
The controversy herein arises out of the contention by the respondents that the petitioner is eligible for parole based upon the time computation from the time he began serving his second sentence. Respondents argue that by reason of the petitioner’s parole from his first sentence to begin serving the second sentence, petitioner was only serving one sentence for which he is entitled to the benefit of the provision of the Correction Law here in question. The petitioner argues, of course, that the computation of time for parole eligibility *945 must be made from the time he began serving the first sentence.
Preliminarily this court will hold that the petitioner is entitled to the salutary effect of the provision of the Correction Law here in question. Both of the sentences in question were imposed under the old Penal Law; the first before the Penal Law took effect, the second was imposed after the effective date of the new Penal Law but related to crimes committed prior to the effective date of the new Penal Law.
This court agrees that subdivision 3 of section 212-a of the Correction Law applies to both sentences. This court would note that the section is expressly applicable to those "under” a sentence imposed pursuant to the old Penal Law; the statute does not state that its applicability depended upon the person "serving” a sentence under the old Penal Law.
This court haS reviewed the parole agreement which is annexed to the respondent’s answer as Exhibit C with regard to the petitioner’s first sentence and finds that that sentence was not "terminated” by the parole in that the board reserved the right to compel petitioner to serve the time remaining on the first sentence in the event of a violation of parole or in the event the second sentence expired before the first sentence. Accordingly, on the effective date of section 212-a the petitioner remained "under” his first sentence since the maximum time of five years would not expire until June of 1972.
In regard to section 212-a (subd 4, par [b], cl [ii]) of the Correction Law dealing with the commencement of the period of parole eligibility with consecutively running sentences, this court must note that the statutory language speaks in terms of a merger of the minimum periods of imprisonment in the consecutive sentence with satisfaction by the service of the period that has the longest unexpired term to run. Here, People ex rel. Miles v LeFevre (74 Misc 2d 581, 583) in a dictum stated as follows: "that had relator’s sentences been consecutive rather than concurrent and thus even longer and harsher, nonetheless, minimum periods of imprisonment would merge so that the required eight-year, four-month period would have been computed from the first sentence imposed.” Accordingly, in order to preserve any meaning for section 212-a (subd 4, par [b], cl [ii]) and extend the salutary effect of the statute to those in the class intended to be benefited, this court must find in the case of consecutive sentences that the parole period eligibility be computed from *946 the time of service of the first sentence, especially where the prisoner was under the first sentence at the time of imposition of the second sentence
The legislative history of the subject section indicates that it was enacted to correct imperfections in the prior law. (See, e.g., McKinney’s Session Laws of 1972, Memorandum of the State Executive Department, pp 3300, 3301; McKinney’s Session Laws of 1972, Governor’s Message upon Signature, p 3387.) As such, the section is to be deemed remedial. The rules of statutory construction in McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 54) state at page 109: flremedial statutes are those designed to correct imperfections in the prior law, or which provide a remedy for a wrong where none previously existed. ” (Italics supplied.)
They are to be liberally construed so as to spread their beneficial results as widely as possible, and they therefore constitute an exception to the general rule that statutes are not to be given retroactive operation. (McKinney’s Cons Law of NY, Book 1, Statutes, § 54, pp 108-109.)
It is the paramount intent of the statute in cases other than those involving the sentence of life imprisonment that incarceration for eight years and four months is the period in which the Parole Board should be able to make a rational determination as to whether a prisoner is sufficiently rehabilitated to be returned to society. Of course, there is continuing discretion in the Parole Board not to release the petitioner even if the minimum period has been served, if it is their judgment that he is not ready for return to society. Accordingly, this court must hold that the minimum period of eight years and four months commenced running from the time of petitioner’s incarceration on the first sentence.