Albert A. Oppido, J.
This is a proceeding, pursuant to CPLR article 78 to compel the respondent to apply 174 days of jail time credit against the petitioner’s sentence imposed in Nassau County, which is to be served concurrently with a sentence previously imposed in Queens County. The petitioner has argued that under the holding of People ex rel. Middleton v Zelker (42 AD2d 998, affd 36 NY2d 691), he is entitled to receive credit toward his Nassau sentence for the entire time he was held in the Queens House of Detention and subsequently in State penal institutions after a Nassau County warrant had been lodged against him in Queens.
The petitioner was arrested in Queens County on robbery charges brought in that jurisdiction and was remanded to the Queens House of Detention on October 8, 1974. On November 4, 1974 a warrant was issued by the Nassau County District Court for the petitioner’s arrest on independent robbery charges. This warrant was lodged against him at the Queens House of Detention on November 7, 1974. On January 30, 1975, the petitioner was brought to Nassau County to be arraigned on the Nassau charges and was returned thereafter to Queens County on February 3, 1975. On February 13, 1975 the petitioner was sentenced in Queens on the Queens charges and was transferred thereafter to the Green Haven Correctional Facility to begin serving his Queens sentence. Thereaf *6 ter, he was returned to Nassau County on March 27, 1975. He entered a guilty plea to the Nassau charges and on April 30, 1975 was sentenced to an indeterminate sentence with a maximum term of seven years, which sentence was to be served concurrently with the sentence previously imposed in Queens County. On May 5, 1975, he was returned to the custody of the Department of Correctional Services.
The respondent has credited the petitioner with five days of jail time for the period January 30, 1975 to February 3, 1975. The petitioner contends that he is also entitled to an additional credit of 174 days for the periods November 7, 1974 to January 30,1975 and February 3, 1975 to May 5,1975.
There is no question that since the petitioner is serving concurrent sentences he is entitled to credit for at least the period from November 7, 1974 (the date the Nassau warrant was lodged in Queens) to February 13, 1975 (the date he was sentenced in Queens) under the holding of People ex rel. Middleton v Zelker (42 AD2d 998, affd 36 NY2d 691, supra). By virtue of the Nassau warrant, he was effectively held in the constructive custody of Nassau County from the date it was lodged. The respondent has conceded as much.
The more difficult question is whether the petitioner is entitled tó credit for the period of time after his Queens sentence had been imposed. The respondent has argued that no such credit should be allowed, citing Matter of Canada v McGinnis (36 AD2d 830, affd 29 NY2d 853), Meadows v Ternullo (73 Misc 2d 163), and subdivision 3 of section 70.30 of the Penal Law in support of his position. Subdivision 3 of section 70.30 states that:
"[t]he term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court, the credit shall also be applied against such portion of the minimum period as exceeds one year. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate *7 in more than one sentence, the credit shall be applied as follows:
"(a) If the sentences run concurrently, the credit shall be applied against each such sentence”.
The respondent argues that while a defendant sentenced to concurrent sentences in separate jurisdictions may properly get jail time credit toward both sentences for that period of time spent in custody prior to imposition of either sentence, after the imposition of the first sentence, the time a defendant is serving may only be credited toward the first sentence and may not be considered as credit toward the later sentence to be imposed. Under this rationale there would be a hiatus during the period after the imposition of the first sentence and before the imposition of the later sentence when the time served could be credited only toward one sentence. Only when the second sentence was imposed would the time served be again credited toward both sentences.
While there is some support for this reasoning to be found in Matter of Canada v McGinnis (36 AD2d 830, affd 29 NY2d 853, supra), and Meadows v Ternullo (73 Misc 2d 163, supra), this court is not persuaded by it. To limit the doctrine of constructive custody in this way is fundamentally at odds with the rationale of People ex rel. Middleton v Zelker (42 AD2d 998, affd 36 NY2d 691, supra). A defendant sentenced to concurrent terms in separate jurisdictions is still in the constructive custody of the second jurisdiction after the first sentence has been imposed. In the interests of justice he should get credit toward both sentences for all the time he is in custody, either actual or constructive.
Indeed, if the respondent’s position were adopted, it would be impossible for a Judge to impose a sentence fully concurrent with a sentence already imposed. The delay between imposition of the two sentences might be extensive; in this case it was three months. Clearly, such delay will be highly prejudicial to the defendant such as the petitioner herein who receives concurrent sentences.
Matter of Canada v McGinnis (supra) is to be distinguished. In Canada the defendant’s claim of constructive custody was not made until after he had begun serving his first sentence. In the instant case constructive custody attached before any sentence was imposed. This court interprets the restriction in subdivision 3 of section 70.30 of the Penal Law that jail time credit "shall not include any time that is credited against the *8 term or maximum term of any previously imposed sentence” to refer to those sentences which were commenced before constructive or actual custody under a subsequent charge attaches.
The petitioner is entitled as a matter of law and in the interests of justice to receive credit toward his Nassau County sentence for all the time he has been incarcerated subsequent to the lodging of the Nassau warrant. The respondent is, therefore, ordered to credit the petitioner with an additional 174 days of jail time and to certify this additional credit to the New York State Department of Correctional Services.
The court wishes to compliment both attorneys for the excellence of their presentations.