James F. Niehoff, J.
This is a proceeding, pursuant to CPLR article 78, wherein petitioner seeks a judgment compelling respondent to credit petitioner with an additional 105 days of jail time credit against indictment No. 35712.
On June 22, 1972 the petitioner pleaded guilty to indictment No. 33161 and was released on bail pending sentence. Thereafter, on August 18, 1972 while out on bail petitioner was arrested for rape, sexual abuse and possession of a weapon. Ten days later on August 28, 1972 petitioner was sentenced under indictment No. 33161 to an indeterminate term of imprisonment of up to three years and on September 18, 1972 he was transferred up-State for service of that sentence.
On October 5, 1972 petitioner was indicted on indictment No. 35712 for the crimes for which he was arrested on August 18, 1972. On October 26, 1972 petitioner was returned to the Nassau County Correction Center and he remained there until January 31, 1973 having pleaded guilty on January 11, 1973 to one of the counts in satisfaction of the indictment. On March 2, 1973, petitioner was returned to the Nassau County Correction Center and on March 5, 1973 was sentenced to an indeterminate term of imprisonment with a maximum of five years to be served concurrently with the sentence imposed on August 28, 1972. On March 8, 1973 petitioner was returned up-State where he has remained to date.
In the present proceeding petitioner claims that he is entitled to jail time credit of 105 days covering the period from October 26, 1972 when he was returned to the Nassau County Correction Center under indictment No. 35712 for arraignment, to January 31, 1973 when he was returned up-State to continue serving his sentence under indictment No. 33161 and from March 2, 1973 to March 8, 1973 when he spent time in the Nassau County Correction Center awaiting imposition of sentence on indictment No. 35712.
The basis of petitioner’s claim is, in essence, that during the entire 105-day period from October 26, 1972 to January 31, *232 1973 and from March 2, 1973 to March 8, 1973 he was in custody under indictment No. 35712 and since his second Nassau County sentence is to run concurrently with his first sentence, he is entitled to receive jail time credit for all the time he was in custody even though a previous sentence had been imposed.
Subdivision 3 of section 70.30 of the Penal Law provides that "the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.” Said section goes on to state "The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. ” (Emphasis supplied.) Where the charges culminate in concurrent sentences, the credit is to be applied against each such sentence.
It should be noted that petitioner has been given credit for the 31 days from the date of his arrest on indictment No. 35712 (August 18, 1972) to his initial up-State transfer (September 18, 1972) although the initial three-year sentence was imposed on August 28, 1972 which credit the court finds proper (see People ex rel. Middleton v Zelker, 44 AD2d 998, affd 36 NY2d 691). Thus, no issue is presented with respect to the time spent in the Nassau County Correction Center prior to the time he was sent up-State on the first indeterminate sentence. However, petitioner claims that because he was arrested and held for the underlying acts of indictment No. 35712 before being sentenced on indictment No. 33161 he was in constructive custody on indictment No. 35712 even after he had been sentenced on indictment No. 33161 and, having received concurrent sentences, is entitled to receive jail time credit for all the time he was in custody against both sentences.
Recently, in Matter of Grier v Flood (84 Misc 2d 4, 8), Mr. Justice Albert A. Oppido of this court interpreted the above-quoted and underscored restriction in subdivision 3 of section 70.30 of the Penal Law to refer only to "those sentences which were commenced before constructive or actual custody under a subsequent charge attaches” and ordered a jail time credit of 174 days in favor of the petitioner Grier based upon his *233 being in constructive custody because a Nassau warrant had been lodged against him.
In Grier (p 7) the court distinguished the case of Matter of Canada v McGinnis (36 AD2d 830, affd 29 NY2d 853) stating "In Canada, the defendant’s claim of constructive custody was not made until after he had begun serving his first sentence. In the instant case constructive custody attached before any sentence was imposed.” However that may be, the court finds it difficult to distinguish Canada from the case at bar. A review of the record on appeal in Canada yields the following:
(a) William Canada was arrested on May 29, 1967, held for the action of the Grand Jury and indicted on July 12, 1967 (Crime No. 1).
(b) While he was released on bail on the above crime, he was arrested on February 6, 1968, remained in custody thereafter, and subsequently he was indicted (Crime No. 2).
(c) On May 5, 1968 he was sentenced on the earlier crime to a sentence of one year and three months to two years and six months and transferred up-State.
(d) On July 11, 1968 petitioner was returned to the Manhattan Men’s House of Detention where he remained until September 28, 1968, the date of his seven-year concurrent sentence on the second crime. Thus, it can be seen that the facts in Canada are on "all fours” with the facts herein. (See, also, Meadows v Ternullo, 73 Misc 2d 163.) In Canada, as in the case at bar, custody attached to the subsequent crime prior to the sentence on the first crime for which credit was allowed. In Canada, Special Term held that the 77 days of jail time between July 11, 1968 and September 26, 1968 should be credited against his second and longer sentence, thereby shortening the time thereon until his ultimate release. In reversing, the Appellate Division wrote (36 AD2d 830): "We reverse the determination on the ground that petitioner was serving a sentence under a prior conviction at the time of his transfer to the House of Detention and, consequently, the time served there was part of his first sentence. In such case, credit cannot be given for the same period of time toward the second sentence.”
Inasmuch as the facts in this case parallel those in Canada the court is constrained to hold as a matter of law that the credit sought herein cannot be given.
The court is not unmindful of the fact that the credit is *234 hardly meaningful in a case such as this where jail time credit will be given only against the shorter of the two indeterminate sentences. However, that appears to have been the precise situation considered by the Appellate Division, Second Department, in the Canada case when such a credit was refused.
Finally, it should be noted that no "previously imposed sentence” was involved in the case of Powell v Malcolm (44 AD2d 65) cited by petitioner.
Accordingly, it is the decision of this court that the petition herein be dismissed.