Peter T. Farrell, J.
Petitioner institutes this writ of habeas corpus seeking credit for an additional 190 days of jail time served.
Petitioner was arrested on September 10, 1973 in Queens County and he remained in custody under that charge until he was released on bail on November 5, 1973. He pleaded guilty to attempted burglary in the third degree and was sentenced on October 16, 1974 to an indeterminate term of imprisonment from zero to three years. On October 10, 1974 petitioner was again arrested, this time under a Bronx County charge, and a warrant was lodged from Queens County. He remained in custody of the New York City Department of Correction as of that date. On February 18, 1975 he was sentenced on the Bronx County charge to an indeterminate term of imprisonment of zero to three years. Said sentence was to run concurrently with the sentence imposed in Queens County. Petitioner was released into the custody of the New York State Department of Correctional Services on February 26, 1975.
On July 23, 1976, while petitioner was on temporary release he was convicted of unauthorized use of a vehicle and was sentenced to a concurrent term of imprisonment for 90 days. He is presently confined at the Queens House of Detention as a result of this sentence.
Petitioner has been credited with 196 days of jail time credit against his Queens County sentence and six days jail *540 time credit against his Bronx County sentence. The time was computed as follows: as to the Queens County sentence, he was credited from September 10, 1973 to November 5, 1973 and from October 10, 1974 to February 25, 1975 for a total of 196 days. As to the Bronx County sentence, he was credited with six days from October 10, 1974 to October 16, 1974.
Petitioner argues that he is entitled to credit against the Bronx County sentence for the time he was in custody as a result of the Queens County charge only. He also feels he is entitled to credit for the time he was in custody on the Bronx County charge after sentence was imposed in Queens County up until the time he was transferred to a State correctional facility.
Section 70.30 (subd 1, par [a]) of the Penal Law provides that, when a person is sentenced under more than one indeterminate sentence, if the sentences are to run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run.
Petitioner is entitled to be credited with jail time served from the date he was arrested on the Bronx County charge to the date he was in custody of the State correctional facility. He is not to be credited on the Bronx County sentence foi the time he was in custody prior to his Bronx County arrest, solely as a result of the Queens County charge.
Subdivision 3 of section 70.30 of the Penal Law provides that the maximum term of an indeterminate sentence imposed shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. The credit shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows: "(a) If the sentences run concurrently, the credit shall be applied against each such sentence”. (Penal Law, § 70.30, subd 3, par [a].)
In People ex rel. Middleton v Zelker (42 AD2d 998, affd 36 NY2d 691), the court held that petitioner was entitled to be *541 credited with jail time served from the date that a warrant was issued from Westchester County. The court indicated that as of that date, he was in constructive custody.
Petitioner should be granted credit from October 10, 1974 to the date he was in custody of the State correctional facility in the interest of justice as well. Otherwise as to the extent of the credit that he would not be receiving, he would, in effect, be serving consecutive sentences and this could not be in keeping with the recent liberal trends favoring concurrent sentences. (People ex rel Middleton v Zelker, supra; Matter of Grier v Floor, 84 Misc 2d 4.)
Based on the foregoing, the motion is granted to the extent that the petitioner is entitled to receive credit from October 10, 1974, which was the date he was arrested on the Bronx County charge, to February 25, 1975 and the respondent is hereby ordered to credit him with 139 days of jail time under the Bronx County sentence.