■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BRIDGES, Also Known as JOHN REYNOLDS, Also Known as WILLIAM SCOTT, Appellant v BENJAMIN MALCOLM, as Commissioner of the New York City Department of Corrections, et al., Respondents.—Judgment, Supreme Court, New York County, entered November 12, 1976, dismissing the petition, unanimously modified, on the law, and the petition granted to the extent of crediting petitioner with jail time from September 27, 1974 to February 17, 1975, save for the time already credited from January 22, 1975 to February 5, 1975, and otherwise affirmed, without costs or disbursements. On August 5, 1972, the petitioner was arrested and released on bail on August 21, 1972. Upon his failure to appear in court on the adjourned date, a bench warrant was issued and a robbery indictment was returned (No. 4393/72). On May 28, 1974, petitioner was arrested on a charge of burglary. He remained in custody until July 20, 1974 when he was released on parole to a drug rehabilitation center. Another indictment was returned on this burglary charge (No. 2949/74). For the above two periods of incarceration petitioner received jail time credit of 17 days and 54 days, respectively. On September 20, 1974, after petitioner had improperly left the drug rehabilitation center, a bench warrant was issued on the burglary indictment (No. 2949/74). On September 27, 1974, petitioner was arrested on the outstanding bench warrant related to the robbery indictment (No. 4393/72). At the time of arrest on this bench warrant, petitioner had another criminal court bench warrant outstanding on a misdemeanor charge. On November 25, 1974, petitioner entered a plea of guilty to the misdemeanor charge and received a sentence of "time served." On February 6, 1975, petitioner was sentenced on the robbery charge (No. 4393/72) to an indeterminate term not to exceed three years. He was transferred to a State correctional facility on February 18, 1975 to serve that sentence. On October 15, 1975, petitioner was sentenced on the burglary indictment (No. 2949/74) to an indeterminate term of imprisonment of one and one-half to three years, to run concurrently with the robbery sentence. Petitioner in this appeal is claiming that he is entitled to jail time credit from September 27, 1974 (the date of his arrest on the bench warrant) until the date sentence commenced on the robbery charge. This jail time credit is sought to be credited to both the robbery sentence and the burglary sentence, since both sentences were to run concurrently. Jail time credit is calculated "from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject" (Penal Law, § 70.30, subd 3). Petitioner was in jail on bench warrants from September 27, 1974, and, under the "constructive custody" doctrine (People ex rel. Middleton v Zelker, 42 AD2d 998), is entitled to credit therefor. While there

is a lack of clarity as to whether the misdemeanor sentence was to "time served" or to "60 days," in any event we find that it should not interfere with the granting of credit from September 27, 1974, since it is not a "previously imposed sentence" within the meaning of subdivision 3 of section 70.30 of the Penal Law. Petitioner has already been granted a credit for jail time from January 22, 1975* until February 5, 1975 (the date prior to sentence on Indictment No. 4393/72). Jail time credit must be given for time spent in incarceration prior to commencement of a prison sentence. A prison sentence commences upon receipt of a prisoner "in an institution under the jurisdiction of the state department of correction" (Penal Law, § 70.30, subd 1). In the case at bar, petitioner was received in a State detention facility on February 18, 1975, relating to his February 6, 1975 sentencing (Indictment No. 4393/72). He is therefore entitled to additional credit for the time spent incarcerated from the date of sentence (February 6, 1975) until he was received in an institution under the jurisdiction of the State Department of Correction (February 18, 1975). We accordingly direct that petitioner be credited with jail time pursuant to the mandate of section 70.30 of the Penal Law from September 27, 1974 to February 17, 1975 (the date immediately prior to the commencement of his sentence), less the time already credited from January 22, 1975 to February 5, 1975. Concur— Stevens, P. J., Murphy, Lupiano, Silverman and Lane, JJ.

---

* This credit date was used in the erroneous belief that the bench warrant on Indictment No. 2949/74 was issued on that date. It was in fact issued on September 20, 1974.