JOHN POWELL, Appellant, *v.* BENJAMIN J. MALCOLM, as Commissioner of the New York City Department of Correction, et al., Respondents.

First Department, March 19, 1974.

*Peggy C. Davis* of counsel (*Ann Wagner*, attorney), for appellant.

*Susan S. Belkin* of counsel (*Stanley Buchsbaum* with her on the brief; *Norman Redlich, Corporation Counsel*), for Commissioner, New York City Department of Correction, respondent.

*David R. Spiegel* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for Russell G. Oswald and another, respondents.

Murphy, J. Petitioner appeals from a judgment dismissing his article 78 proceeding, in the nature of mandamus, to compel respondents to credit him with the proper amount of presentence incarceration time.

In connection with Indictment No. 4085/67, petitioner was incarcerated by the New York City Department of Correction from November 3, 1967 to February 18, 1968 (108 days), when he was released on bail. Some nine days prior to his release he pleaded guilty to the crime of robbery in the third degree. When petitioner failed to appear for sentencing on May 28, 1968, a bench warrant was issued.

On May 20, 1970, petitioner was arrested again on another robbery charge (under Indictment No. 3978/70) and, after arraignment, again placed in custody of the New York City Department of Correction. On June 15, 1971 (391 days later) the warrant for the ˜967 case was lodged against him; and from and after that date he was being held under both indictments. Thereafter, on October 26, 1971, petitioner was sentenced, for each separate crime committed almost three years apart, to identical indeterminate terms of imprisonment not to exceed four years, with both sentences to run concurrently. Three days later, petitioner was delivered to the State authorities for execution of the sentences.

On the basis of information supplied by New York City authorities, the State Department of Correctional Services has credited petitioner with 243 days of jail time on Indictment No. 4085/67 (Nov. 3, 1967 to Feb. 18, 1968 and June 15, 1971 to Oct. 29, 1971) and 526 days on Indictment No. 3978/70 (May 20, 1970 to Oct. 29, 1971).

Petitioner contends that he is entitled to 391 days of additional jail time credit on the 1967 indictment for the period of his incarceration between May 20, 1970 and June 15, 1971. He also asserts that a literal reading of section 70.30 of the Penal Law entitles him to additional credit on the 1970 indictment for the 108 days spent in jail solely under the 1967 indictment and, in any event, the failure to give him such credit would deny him equal protection of the laws and constitute an invidious discrimination based on wealth. Petitioner is currently on parole, which terminates February 25, 1975. Since, under the above-cited statute, petitioner must serve the sentence " which has the longest unexpired term to run ", acceptance of petitioner's

first contention would end his parole status 283 days sooner and acceptance of his second would advance his maximum expiration date by 391 days. Special Term found no impropriety in the calculation of petitioner's jail time credit and denied the application in its entirety.

We disagree in part.

Section 70.30 of the Penal Law to the extent here pertinent, provides:

" 1. Indeterminate sentences. An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correction. Where a person is under more than one indeterminate sentence, the sentences shall be calculated as follows:

" (a) If the sentences run concurrently, the times served under imprisonment on *any* of the sentences shall be credited against the minimum periods of *all* the concurrent sentences, and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run;

\* \* \*

" 3. Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence *as a result of the charge that culminated in the sentence.* \* \* \* The credit herein provided shall be calculated from the date custody *under the charge* commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:

" (a) If the sentences run concurrently, the credit shall be applied against *each such sentence* ". (Emphasis supplied.)

Petitioner was arraigned on Indictment No. 3978/70 on May 20, 1970. The release on recognizance report and police fingerprint record given to the court by the arresting officer indicated that there was an outstanding bench warrant on Indictment No. 4085/67 at the time of said arraignment. Due to an apparent oversight the 1967 bench warrant was not lodged until more than a year later. Respondents now concede that petitioner should not be penalized for such administrative error by depriving him of the substantial amount of jail time credit for this period; and we agree.

Petitioner also argues that section 70.30 (subd. 1, par. [a]) of the Penal Law mandates that he be credited on his 1970 indict-

ment with 108 days of jail time served in 1967 and 1968 under the 1967 indictment. However, he misconceives the purpose and intent of said paragraph which only fixes the date when an indeterminate sentence of imprisonment commences. Paragraph a thereof provides for the method of calculating the minima of concurrent sentences when a person already serving an indeterminate sentence in a State prison receives an additional concurrent sentence. (See Practice Commentary to Penal Law, § 70.30, in McKinney's Cons. Laws of N. Y., Book 39, p. 138 et seq.) Jail time credit for time spent in custody prior to sentence commencement is covered by subdivision 3 of section 70.30 of the Penal Law and distinctly states that "the credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences". If more than one sentence on the charges is imposed and "if the sentences run concurrently, the credit shall be applied against each such sentence." Clearly, then, the statute is not helpful to petitioner.

Alternatively, petitioner asserts that denial of such 108 days' credit invidiously discriminates against him because he now has served 108 days more in jail than a more affluent person who could have posted bond would have served, without receiving credit therefor. We find no merit in such contention.

The clear intent of subdivision 3 of section 70.30 of the Penal Law is to avoid the very claim now asserted. Convicted individuals ultimately sentenced to prison who, like petitioner, are unable to furnish bail are given credit for any presentencing time served under such charge.

Petitioner's reliance on McGinnis v. United States ex rel. Pollack (452 F. 2d 833, cert. den. 406 U. S. 905) and United States v. Gaines (449 F. 2d 143) is misplaced. In both of those cases the defendants were prevented from serving sentences because they were being held in custody on other charges in lieu of bail. Each defendant was then credited with the time so served because to hold otherwise would have penalized him for lack of wealth. That situation is not presented here. Petitioner was not prevented from serving his sentence under the 1967 indictment because of his incarceration under the 1970 indictment. On the contrary, petitioner will now receive full credit on the first indictment for jail time under the second. In short, petitioner's predicament comes not from his lack of wealth, but from his own wrongdoing: he jumped bail on his 1967 indictment, for which unlawful act, it may be parenthetically noted, he has not been separately punished. This case does not involve one of those rare situations where a defendant owes time for

a prior sentence and then serves excessive time on a new charge because he is acquitted of the second charge or sentenced to less time than served. In the absence of such unique circumstances a prisoner may not carry over any unused jail time credit on one sentence to offset the time to be served after conviction of a later crime. (*McGinnis* v. *United States ex rel. Pollack, supra,* p. 836.)

The judgment of Supreme Court, New York County (CULKIN, J.), entered April 10, 1973, should be modified, on the law, to the extent of granting petitioner jail time credit for the sentence imposed on his conviction under Indictment No. 4085/67 for the period of his custody from May 20, 1970 to June 15, 1971, and otherwise affirmed, without costs or disbursements.

MARKEWICH, J. P., NUNEZ, KUPFERMAN and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 10, 1973, unanimously modified, on the law, to the extent of granting petitioner jail time credit for the sentence imposed on his conviction under Indictment No. 4085/67 for the period of his custody from May 20, 1970 to June 15, 1971, and otherwise affirmed, without costs and without disbursements.