■ In the Matter of FELIX COLON, Appellant, v LEON J. VINCENT, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to credit petitioner with 327 days of jail time, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated December 19, 1974, which, after a hearing, dismissed the petition. Judgment reversed, on the law, without costs, and application granted to the extent that respondent is directed to accord petitioner 319 days of jail time credit against the sentences imposed upon him for the crimes of reckless endangerment in the first degree and robbery in the third degree. Petitioner was arrested in 1971 on a charge of attempted murder and spent 196 days in jail, beginning on September 15, 1972, awaiting trial *solely* on that charge. He was then released on his own recognizance. While he was at liberty on his own recognizance, he committed a second crime, robbery, and was arrested on that charge on July 28, 1973 and was thereafter held on both charges. After pleading guilty to reckless endangerment in the first degree (on the attempted murder charge) and robbery in the third degree (on the other charge), he was sentenced on November 20, 1973 to two concurrent prison terms, each with a maximum of four years. He was received at the Green Haven Correctional Center on

November 28, 1973. It now appears to be conceded, and properly so, that petitioner is entitled to jail time credit of 123 days on each of the concurrent sentences for the time from his rearrest on July 28, 1973 until his receipt at the Department of Corrections facility on November 28, 1973. Petitioner is also clearly entitled to an additional jail time credit of 196 days (for a total of 319 days) on the reckless endangerment sentence for the period from September 15, 1972, when he was returned to the Manhattan House of Detention to await trial on the attempted murder charge, to March 29, 1973, when he was released on his own recognizance. The remaining issue is whether these 196 days of jail time may also be credited to the concurrent sentence imposed on the robbery conviction. With regard to the crediting of jail time against the maximum of concurrent indeterminate sentences, subdivision 3 of section 70.30 of the Penal Law provides, in pertinent part, that: "the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. * * * The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. *Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:* (a) *If the sentences run concurrently, the credit shall be applied against each such sentence"* (emphasis added). Under the present facts, the statutory direction is ambiguous. Petitioner originally served the 196 days solely on the attempted murder charge and not on the robbery charge. However, as this time was not credited against the term of "a previously imposed sentence", the statutory exclusion applicable to that situation does not apply. Furthermore, although the crimes were committed at different times, they culminated in more than one concurrent sentence; the statute instructs that "the credit shall be applied against *each* such sentence". Where a court sentences a defendant to concurrent indeterminate terms, we presume that its intention is to place the defendant in incarceration for the maximum term imposed, and no longer. We therefore interpret the statutory language, "the credit shall be applied against *each* such sentence" as warranting the application of the cumulative *total* of jail time to each maximum term. While aware that contradictory results have been reached by other courts (see, e.g., *Powell v Malcolm,* 44 AD2d 65), our interpreting the statutory language to allow credit for the cumulative total of the jail time is in accord with the policy favoring concurrent sentences (see *People ex rel. Middleton v Zelker,* 36 NY2d 691, affg 42 AD2d 998) and avoids any constitutional objection on the ground of denial of equal protection (see *Powell v Malcolm, supra,* p 68). Accordingly, petitioner is entitled to credit for 319 days jail time (196 plus 123) against the sentences upon his convictions of both reckless endangerment and robbery. Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.