■ In the Matter of BABIS KALAMIS, Respondent-Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant-Respondent.—Judgment unanimously modified in accordance with memorandum and as modified affirmed. Memorandum: In this article 78 proceeding petitioner contends that he is entitled to jail-time credit on his Suffolk County sentence from January 2, 1974, the date a warrant was lodged against him in Nassau County, until he was transferred to Green Haven

Correctional Facility on December 19, 1974. The transfer followed his Suffolk County sentence on December 9, 1974 to an indeterminate term of zero to five years to be served concurrently with two previously imposed sentences. Petitioner had been sentenced to zero to five years in Nassau County and zero to four years in New York County, concurrent with the Nassau sentence, and thereafter on January 30, 1974 began serving his term at Green Haven Correctional Facility. On February 20, 1974 he was transferred to the Suffolk County Jail where he remained until December 19, 1974 when he was transferred to Clinton Correctional Facility. Special Term properly directed 28 days jail-time credit to petitioner for the period January 2, 1974 until January 30, 1974 on authority of *People ex rel. Middleton v Zelker* (42 AD2d 998, affd 36 NY2d 691). In addition, however, the court also directed jail-time credit to petitioner for the period from February 20, 1974 to December 19, 1974, contrary to the provision of subdivision 3 of section 70.30 of the Penal Law, which mandates that the computation of jail time "shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject". Here the petitioner entered the Green Haven Correctional Facility on January 30, 1974 and thereafter, including the period of time spent in the Suffolk County Jail, was receiving credit against the terms of the previously imposed sentences. It follows, therefore, that the court properly denied petitioner's application for jail-time credit while he was incarcerated in State correctional facilities from January 30, 1974 until his transfer to the Suffolk County Jail on February 20, 1974. Petitioner argues that the "previously imposed sentence" doctrine does not apply. His argument is contrary to the clear mandate of section 70.30 and the holding in *Matter of Canada v McGinnis* (36 AD2d 830, affd 29 NY2d 853). (Appeals from judgment of Wyoming Supreme Court in article 78 proceeding.) Present— Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.