## (June 18, 1976)

■ In the Matter of JOHN CHAROS, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel appellants to credit petitioner with certain jail time on his Queens County sentence (under Indictment No. 1585-74), the appeal is from a judgment of the Supreme Court, Westchester County, dated July 11, 1975, which (1) granted the petition and (2) ordered appellants to compute petitioner's Queens County sentence as having commenced on August 23, 1973. This appeal brings up for review so much of an order of the same court, entered September 9, 1975, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order granting reargument. Order entered September 9, 1975 reversed insofar as reviewed, on the law, without costs or disbursements, the words "the decision of the Court is adhered to in all respects" are to be stricken and a provision is to be substituted therefor that the judgment is amended to provide that the petition is granted to the extent that appellants are directed to compute petitioner's Queens County sentence by granting him credit for the time spent in the Nassau County Jail from August 23, 1973 until the date he commenced serving his sentence under Nassau County Indictment No. 38144, in addition to the credit heretofore granted petitioner for jail time served in the Queens House of Detention, as certified to by the New York City Department of Correction. The proceeding is remanded to Special Term for a recomputation of the credit to which petitioner is entitled, and for the entry of an appropriate amended judgment. No findings of fact were presented for review. On April 17, 1973, petitioner was arrested in Nassau County on a robbery charge. While he was incarcerated in the Nassau County Jail, a detainer warrant issued by Queens County authorities was lodged against him on August 23, 1973 for an unrelated robbery. On August 28, 1973 petitioner was released from custody in Nassau County on his own recognizance pursuant to CPL 30.30 (subd 2). He remained at liberty until September 17, 1973, when he pleaded guilty to robbery in the third degree in Nassau County and was remanded. According to the clerk's extract of the minutes, on October 18, 1973 petitioner was sentenced by the County Court, Nassau County, to a term of 0 to 3 years in State prison and was transferred to the custody of the State Department of Correctional Services. While serving his Nassau County sentence, petitioner was transferred, on June 13, 1974, to the Queens House of Detention to await disposition of an outstanding Queens County indictment. On November 12, 1974 he pleaded guilty to robbery in the third degree in full satisfaction of that indictment and was sentenced to a term of

0 to 4 years, to run concurrently with the previously imposed Nassau County sentence, and on November 24, 1974 he was returned to State prison. The New York City Department of Correction certified that petitioner was entitled to 165 days of jail-time credit toward satisfaction of the Queens County sentence. Appellants, in computing the maximum sentence, credited petitioner with that amount of jail time. Petitioner commenced this proceeding to obtain credit for the time served between August 23, 1973 and June 13, 1974. Special Term granted his petition in its entirety in reliance upon *People ex rel. Middleton v Zelker* (42 AD2d 998, affd 36 NY2d 691) and *Matter of Manning v Vincent* (45 AD2d 1009, affd 37 NY2d 724). In our opinion this was error. On the motion for reargument, as well as on this appeal, appellants concede that petitioner is entitled to a credit for the days served at the Nassau County Jail between the date that the Queens County detainer warrant was lodged and the date that the Nassau County sentence was imposed. During that period, petitioner was in the constructive custody of Queens County. Hence, petitioner should be credited with that time toward satisfaction of the subsequently imposed Queens County sentence (see *Matter of Colon v Vincent,* 49 AD2d 939; *Matter of Manning v Vincent, supra; People ex rel. Middleton v Zelker, supra;* see, also, *Matter of Kalamis v Smith,* 51 AD2d 859). However, petitioner is not entitled to credit against his Queens County sentence for the time he served in State prison after imposition of the Nassau County sentence and prior to his transfer to the Queens House of Detention. Such time may not be credited toward, or applied in satisfaction of, another term of imprisonment subsequently imposed, even where the sentences are to run concurrently (see Penal Law, § 70.30, subd 3; *Matter of Kalamis v Smith, supra; Matter of Canada v McGinnis,* 36 AD2d 830, affd 29 NY2d 853). *Matter of Manning v Vincent (supra)* and *People ex rel. Middleton v Zelker (supra)* do not hold to the contrary. Neither of those cases dealt with time served in State prison; rather, they dealt with credit for jail time served prior to the imposition of sentence and transfer to State prison. Petitioner was credited with jail time by the New York City Department of Correction on the longer indeterminate sentence, which was imposed on the Queens County conviction, for the period from June 13, 1974 to November 24, 1974, when he was again transferred to State prison. Since appellants concede that they are bound by the terms of the commitment papers they received from the New York City Department of Correction (see *Matter of Deer v Mancusi,* 35 AD2d 907; *People ex rel. Coates v Martin,* 8 AD2d 688; *People ex rel. Henderson v Casscles,* 66 Misc 2d 492; *People ex rel. Jackson v Weaver,* 279 App Div 88), we do not here pass upon the propriety of that grant of jail-time credit. We have considered the other arguments raised by the petitioner and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Titone, JJ., concur.