■ In the Matter of JOHN VEALE, Respondent, v BENJAMIN WARD, as Commissioner of the Department of Correctional Services, et al., Appellants. —In a proceeding pursuant to CPLR article 78 to compel appellants to credit petitioner with certain jail time, the appeal is from (1) a judgment of the Supreme Court, Dutchess County, dated February 4, 1976, which *inter alia* granted "petitioner 'jail credit' of 11 months and 21 days towards both of his present sentences" and (2) an order of the same court, dated February 13, 1976, which, in effect, denied appellants' motion to reargue. Appeal from the order dated February 13, 1976 dismissed, without costs or disbursements. No appeal lies from such an order *(Matter of Andgar Assoc. v Board of Zoning Appeals of Inc. Vil. of Port Washington North,* 30 AD2d 672). Judgment dated February 4, 1976 modified, on the law, by deleting from the decretal paragraph thereof all language following the words "jail credit" and by substituting therefor a provision that petitioner is entitled to credit, against his Bronx County sentence, for the time spent in jail between (1) the date of his arrest on the Bronx County charge to the date of his release on bail and (2) the date that bail was exonerated to the date that he was received in State prison to start service of his Kings County sentence. As so modified, judgment affirmed, without costs or disbursements. The proceeding is remanded to Special Term for a new computation of the time for which petitioner is entitled to credit and for entry of an appropriate amended judgment. No fact findings were presented for review. Petitioner was arrested in Bronx County on October 17, 1960. He was released on bail on December 22, 1960. Thereafter, petitioner was arrested in Kings County on an unrelated charge on January 27, 1971 and was held in detention in Kings County. On February 7, 1961 the Bronx bail was exonerated and he was held in detention in Kings County on both charges. On June 23, 1961 petitioner was sentenced in Kings County to an indeterminate term with a minimum of 7½ years and a maximum of 15 years. On June 30, 1961 he was received at the Ossining Correctional Facility to commence serving his prison term on the Kings County conviction. Approximately two weeks later, petitioner was transferred to Bronx County. Thereafter, on November 16, 1961, petitioner was sentenced to an indeterminate term with a minimum of 7½ years and a maximum of 15 years to run concurrently with the Kings County conviction. The issue presented is whether petitioner is entitled to jail-time credit against his Bronx sentence for the period between the date he was received at the Ossining Correctional Facility (June 30, 1961) and the date of his Bronx sentence (November 16, 1961). We hold that petitioner is not entitled to jail-time credit for the time period in question (see *Matter of Charos v New York State Dept. of Correctional Servs.,* 53 AD2d 654). Accordingly, petitioner is entitled to jail-time credit, against his Bronx sentence, for the following periods: from October 17, 1960 (Bronx arrest) to December 22, 1960 (Bronx bail), and from February 7, 1961 (Bronx bail exonerated) to June 30, 1961 (petitioner received at State prison to start service of his Kings County sentence). We have considered petitioner's other arguments and find them to be without merit. Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.