■ In the Matter of TANDEM HOLDING CORP., Respondent, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant board of zoning appeals, which, after a hearing, denied petitioner's application for a special exception for the construction and operation of a parking field in a residential zone, the appeal is from a judgment of the Supreme Court, Nassau County, dated November 1, 1974, which annulled the determination and directed the board to grant the special exception "as requested, subject to any reasonable conditions that it may deem appropriate." Permission for the taking of this appeal is hereby granted by Mr. Justice Hopkins. Judgment affirmed, without costs or disbursements. The board is required to grant the special exception subject to reasonable conditions, based upon the holding in *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston* (30 NY2d 238), and the circumstances presented herein. Such conditions may include a reduction in size, an increased buffer zone and appropriate landscaping, in order to comply with the standards imposed by the zoning ordinance. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ In the Matter of RALPH VALVANO, Appellant, v BENJAMIN MALCOLM, as Commissioner of the New York City Department of Correction, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to credit petitioner with certain jail time, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, dated February 19, 1976, as directed that he be credited with only 519 days on Queens County Indictment Nos. 1033/75 and 3920/73 (which had been consolidated). Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and respondents Commissioner of the New York State Department of Correctional Services and Chairman of the New York State Board of Parole are directed to accord petitioner 909 days of jail-time credit against the sentence imposed on him under indictment Nos. 1033/75 and 3920/73. No findings of fact were presented for review. The cumulative jail time credited to petitioner should have been the same as that credited against his other concurrent sentence (see *Matter of Colon v Vincent,* 49 AD2d 939). Hopkins, Acting P. J., Martuscello, Margett, Damiani and Hawkins, JJ., concur.

■ In the Matter of EDWARD WHITE, Petitioner, v C. SAMUEL KISSINGER, as City Manager of the City of New Rochelle, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commissioner of the City of New Rochelle, dated April 21, 1975, which, after a hearing, found petitioner guilty of certain charges of misconduct and suspended him from duty as a police officer of the City of New Rochelle for a period of two months. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The police commissioner's finding that petitioner was guilty of the charges herein is supported by substantial evidence; the determination was made in accordance with lawful procedure (see *Sharkey v Thurston,* 268 NY 123). Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.