Edward S. Conway, J.
This is an article 78 proceeding by petitioner John S. Jorgensen for an order directing respondent to credit him with the proper amount of presentence incarceration time.
On October 17, 1975, Hon. Richard Delin, Nassau County Judge, sentenced petitioner pursuant to indictment No. 41885 to an indeterminate sentence of one year and six months to three years for attempted criminal possession of a forged instrument in the second degree. He had earned and was credited with 126 days’ jail time according to the certification endorsed on his commitment papers. He was then transferred to Brooklyn House of Detention on October 29, 1975. While there he was taken into custody by Kings County officials for appearance on another indictment (No. 6236/1974) and he pleaded guilty to the charge of attempted criminal possession of a forged instrument in the second degree. Petitioner was sentenced by Honorable Leonard Scholnick, Supreme Court Justice, Kings County, to an additional one year and six months to three years indeterminate sentence to run concur *1073 rently with the sentence previously imposed in Nassau County. His resulting commitment papers to Ossining Correctional Facility bore an endorsement that he had spent 60 days jail time on this later sentence. Petitioner then transferred to Clinton Correctional Facility on December 19, 1975 where he now resides.
Petitioner is apparently contending that respondent has only credited him with 126 days’ jail time against his maximum term, rather than 234 days’ jail time to which he is allegedly entitled (although his notice of petition specifies 234 days’ jail time, this court is unable to ascertain where the figure of 234 days came from).
The Penal Law provides that when indeterminate concurrent sentences are imposed, "the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run” (Penal Law, § 70.30, subd 1, par [a]). Therefore, petitioner’s later sentence for pleading to indictment No. 6236/1974 controls if no credit is given on that sentence for the 126 days spent in jail on the earlier forged instrument charge (indictment No. 41885).
Petitioner seems to be contending that all his jail time should be credited to both sentences. Respondent contends that the 126 days’ jail time should only be applied to the earlier sentence; therefore the second sentence controls not only because it was imposed later in time (would then have a longer maximum) but also because less jail time could be credited to it.
The court must agree with this contention of the respondent. Subdivision 3 of section 70.30 of the Penal Law provides:
"Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court, the credit shall also be applied against such portion of the minimum period as exceeds one year. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges'culminate *1074 in more than one sentence, the credit shall be applied as follows:
"(a) If the sentences run concurrently, the credit shall be applied against each such sentence ” (emphasis supplied).
The literal reading of the statute requires the application of respondent’s method of computation since the statute restricts application of jail-time credit "against each such sentence”.
Had the Legislature intended the credit to be applied to both sentences, the adjectives "any”, "all” or "both” could have been used (see Powell v Malcolm, 44 AD2d 65; Matter of Canada v McGinnis, 29 NY2d 853, affg 36 AD2d 830).
This construction of the explicit language of the statute compels dismissal of Jorgensen’s petition, and the petition is therefore dismissed.