■ In the Matter of STANLEY MANOR, INC., Appellant, v M. MILTON GLASS et al., Constituting the Board of Standards and Appeals, Respondents. —In a proceeding pursuant to CPLR article 78 to review respondents' determination, dated March 4, 1975 and made after a hearing, denying petitioner's application for a variance, petitioner appeals from a judgment of the Supreme Court, Queens County, entered March 1, 1976, which, *inter alia,* dismissed the petition. Judgment affirmed, with costs. Petitioner knew at the time the subject parcel was purchased that it was substandard. Whatever reliance petitioner placed upon the alleged practice of the department of buildings in issuing permits at that time does not overcome the rational basis for respondents' determination that the variance could not issue because petitioner's difficulties were self-created. In any event, the determination was neither arbitrary nor capricious. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.

■ In the Matter of PERRY YOUNG, Appellant, v EUGENE LE FEVRE, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to furnish certain jail-time credit to petitioner, the appeal is from a judgment of the Supreme Court, Dutchess County, dated November 10, 1975, which dismissed the petition. The appeal also brings for review so much of an order of the same court, dated December 12, 1975, as, upon reargument, adhered to the prior determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order made upon reargument. Order affirmed insofar as appealed from, without costs or disbursements (see Penal Law, § 70.30, subd 3; *Matter of Canada v McGinnis,* 36 AD2d 830, affd 29 NY2d 853; *Matter of Charos v New York State Dept. of Correctional Servs.,* 53 AD2d 654). Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.