## SECOND DEPARTMENT, MARCH, 1977

### (March 1, 1977)

In the Matter of JOHNNY ROBALLO, Respondent, v EUGENE LE FEVRE,

as Superintendent of the Green Haven Correctional Facility, Appellant.—In a proceeding pursuant to CPLR article 78 to compel appellant to credit petitioner with 257 days of jail time, the appeal is from a judgment of the Supreme Court, Dutchess County, dated May 14, 1976, which granted the petition and directed appellant to (1) credit petitioner with jail time from October 20, 1973 until July 3, 1974, (2) correct the computation of petitioner's sentence and (3) adjust his conditional release date. Judgment affirmed, without costs or disbursements. Petitioner was arrested on October 20, 1973 and spent 257 days in jail awaiting trial solely under Indictment No. 6040/1973. On July 3, 1974 petitioner was released on bail. While he was at liberty, petitioner committed a second crime and was arrested on October 28, 1974 under Indictment No. 5516/1974. Thereafter he was held in custody on both charges. On October 15, 1975 petitioner was sentenced to a term of two to four years under Indictment No. 5516/1974 and was credited with 360 days of jail time, the period from October 28, 1974 through October 22, 1975. On October 17, 1975 petitioner was sentenced to a term of two to four years under Indictment No. 6040/1973, the sentence to run concurrently with the prior sentence. Petitioner was credited with 257 days of jail time, the period from October 20, 1973 through July 3, 1974 and 188 days of jail time, the period from April 18, 1975 through October 22, 1975. The issue raised at Special Term was whether the 257 days of jail time spent awaiting trial solely under Indictment No. 6040/1973 should also be credited to the concurrent sentence imposed under Indictment No. 5516/1974. Special Term concluded, correctly, that our decision in *Matter of Colon v Vincent* (49 AD2d 939) mandated that the petition be granted. Pursuant to the judgment at Special Term, petitioner's conditional release date would have been advanced from June 27, 1977 to October 14, 1976. Appellant filed a notice of appeal from the judgment at Special Term and claimed an automatic statutory stay of the judgment pursuant to CPLR 5519 (subd [a], par 1). Appellant has refused to implement the judgment at Special Term and has delayed perfecting this appeal in the belief that our decision in *Matter of Colon v Vincent (supra)* would be reversed by the Court of Appeals. On January 27, 1977 we ordered the appellant to perfect the appeal immediately. Appellant should not have prolonged petitioner's term of imprisonment by delaying perfection of this appeal (see *People ex rel. Sabatino v Jennings,* 246 NY 258). Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.