◼ In the Matter of DENNIS CARNEY, Also Known as DENNIS CAMP, Appellant, v WALTER FOGG, as Acting Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to credit petitioner with certain additional jail time on his Kings County sentence (under Indictment No. 2655-75), the appeal is from a judgment of the Supreme Court, Dutchess County, dated October 15, 1976, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remanded to Special Term for a new computation of jail time credit in accordance herewith. No findings of fact are presented for review. Petitioner was arrested in Kings County on May 1, 1975 and charged with robbery in the first degree. He was unable to make bail. Detainer warrants were lodged against him later that same day from the Criminal Court of the City of New York, New York County, in connection with various unrelated misdemeanors and, on May 2, 1975, he was transferred to the Brooklyn House of Detention to await disposition of all charges. On July 3, 1975 petitioner entered a plea of guilty to the misdemeanor charges in Criminal Court, and was sentenced to Rikers Island for the term of one year. He was transferred to Rikers Island to begin serving his sentence on July 7, 1975. Thereafter, and on October 14, 1975, petitioner entered a plea of guilty to robbery in the third degree in satisfaction of the Kings County charge and was sentenced to an indeterminate term of imprisonment of not less than two nor more than four years, said term to run concurrently with his Criminal Court sentence. Petitioner was transferred from Rikers Island to the Brooklyn House of Detention on October 20, 1975 to await transfer to a State correctional facility and, on November 4, 1975, was transferred to the Ossining Correctional Facility to begin serving his Kings County sentence. Petitioner has been credited with 84 days of jail time toward his Kings County sentence as follows: 63 days representing the period May 1, 1975 (the date of his arrest) through July 3, 1975 (the date of his Criminal Court sentence), and 21 days representing the period October 14, 1975 (the date of his Kings County sentence) through November 4, 1975 (the date of his transfer to Ossining). The issue presented is whether petitioner is entitled to an additional credit for the period between July 3, 1975 and October 14, 1975. We hold that petitioner is entitled to jail time credit against his Kings County sentence for the following periods of time: (1) from May 1, 1975 (the date of his arrest) to July 7, 1975 (the date of his transfer to Rikers Island to commence serving his Criminal Court sentence) and (2) from October 14,

1975 (the date of his Kings County sentence) to November 4, 1975 (the date of his transfer to Ossining). Petitioner is not, however, entitled to any credit for the period between July 7, 1975 and October 14, 1975 (see *Matter of Veale v Ward,* 53 AD2d 656; *Matter of Charos v New York State Dept. of Correctional Servs.,* 53 AD2d 654; *Matter of Kalamis v Smith,* 51 AD2d 859). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.