■ In the Matter of NILES L. PALMER, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: On January 1, 1975 petitioner was arrested in Otsego County for parole violation and other crimes. On October 27, 1975 he was sentenced to 2–4 years at Attica and the next day (October 28) he was received at Attica Correctional Facility. On December 12, 1975 he was returned from Attica to Schoharie County where he was sentenced on charges arising in that county (which arose prior to his Otsego County conviction) to a 2–4 year term to be served concurrently with the Otsego County conviction. He was given jail-time credit for all time served in jail prior to October 28, 1975, the day he was received at Attica. He claims that he is entitled to jail-time credit for the period when he was incarcerated in Attica, from October 28 to December 12, 1975. The period during which petitioner was serving time at the State Correctional Facility pursuant to the Otsego County sentence may not be credited against the Schoharie County sentence (see Penal Law, § 70.30, subd 3; *Matter of Canada v McGinnis,* 36 AD2d 830, affd 29 NY2d 853; *Matter of Kalamis v Smith,* 51 AD2d 859). Petitioner also claims that the parole board failed to give adequate reasons for denial of his parole (see Correction Law, § 214, subd 6; *Matter of Watkins v Caldwell,* 54 AD2d 42). In view of petitioner's record, the board could, as it did, reasonably determine that petitioner has failed to demonstrate evidence of rehabilitation sufficient to warrant his parole release. (Appeal from judgment of Wyoming Supreme Court—article 78). Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.