■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW T. LEHET, Appellant, v EUGENE LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 10, 1977 in Clinton County, which dismissed a writ of habeas corpus after a hearing. Petitioner was incarcerated approximately 20 months in Suffolk County prior to April 25, 1974 when he was sentenced to five years probation on a plea of guilty to the crime of escape, first degree. On November 24, 1975 petitioner was arrested on various charges, and pleaded guilty of criminal possession of a weapon third degree, in complete satisfaction of all charges on January 13, 1976. In April, 1976 petitioner was sentenced on this guilty plea to an indeterminate term of two to four years in prison to be served concurrently with any sentence he might receive in Suffolk County. Petitioner sought a writ of habeas corpus and requested an immediate probation revocation hearing. Petitioner also sought a credit for jail time for his period of incarceration prior to his sentence of probation. His writ was denied and this appeal ensued. Since petitioner was subsequently discharged from the Suffolk County probation sentence, the sole issue contested on this appeal is petitioner's entitlement to jail time credit on his two- to four-year sentence. Petitioner seeks this credit even though the incarceration of 20 months was completely unrelated to the charges culminating in the two- to four-year sentence. The pertinent portions of subdivision 3 of section 70.30 of the Penal Law relied upon by petitioner, read as follows: "The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited

with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence *as a result of the charge that culminated in the sentence.* * * * The credit herein provided shall be calculated from the date custody *under the charge* commenced to the date sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows: (a) if the sentences run concurrently, the credit shall be applied against *each* such sentence" (emphasis added). Upon examination of this section we are of the view that in order for jail time to be credited to a sentence, such jail time must have been served as a result of the charge that culminated in the sentence (see *Powell v Malcolm,* 44 AD2d 65). Although we are aware of contrary interpretations (see, e.g., *Matter of Colon v Vincent,* 49 AD2d 939), it is our opinion that only the time in custody under the charge resulting in the sentence may be credited toward that sentence. The fact that petitioner has received concurrent sentences in the present case does not change the result. In such a situation the credit is to be applied against "each" such sentence (Penal Law, § 70.30, subd 3). The credit is not to apply against all the sentences. The writ, therefore, was properly dismissed and the judgment should be affirmed. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.