In the Matter of CARLOS GONZALEZ, Respondent, v NORENA KEARNEY, as Head Clerk of the Fishkill Correctional Facility, Appellant.

Second Department, May 15, 1978

### APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Jill Schenkel, Samuel A. Hirshowitz* and *Clement H. Berne* of counsel), for appellant.

*Amanda Potterfield* and *Daniel Steinbock* for respondent.

### OPINION OF THE COURT

HOPKINS, J. P.

The petitioner brought this proceeding to compel the Department of Correctional Services, which denied him certain jail time credit claimed under the statute (see Penal Law, § 70.30), to grant him that credit. The petition was granted and this appeal followed. We reverse and deny the petition. The statutory provisions in question do not authorize credit for jail time served preliminary to a sentence imposed on the first conviction of the petitioner against the sentence imposed on the second conviction of the petitioner under the circumstances of this case.

### I

The petitioner was arrested on January 27, 1973 on charges which resulted in a conviction for criminal possession of a weapon. On January 25, 1974 he was sentenced by the Supreme Court, Bronx County, and received in State prison to commence serving an indeterminate term of imprisonment of 0-5 years. The petitioner was credited with 363 days of jail time, covering the period of incarceration from January 27, 1973 to January 24, 1974.

On June 25, 1975, while serving his sentence by participating in a temporary release program at Bayview Correctional Facility, the petitioner absconded. On July 18, 1975 the pe-

titioner was arrested on new charges and, while incarcerated in Bronx County, a detainer was lodged against him by Bayview on July 30, 1975. The petitioner remained in continuous custody under the new charges and the Bayview detainer.

On May 27, 1976 the petitioner was sentenced on the new charges (two counts of robbery in the first degree) by the Supreme Court, Bronx County, to two indeterminate concurrent sentences of 5-10 years, as a second felony offender. The new sentences ran concurrently with the 1974 sentence, not by the direction of the court, but by operation of law (see Penal Law, § 70.25, subd 1, par [a]).

The petitioner was received in State prison on June 10, 1976 to commence service of the 1976 sentences and to recommence service of the 1974 sentence. The Department of Correctional Services credited him with 328 days of jail time against his new sentences, representing the period of incarceration commencing with his arrest on July 18, 1975. He was also credited, against the minimum of both sentences, with one year and five months as prior time served, covering the period that petitioner commenced service of his 1974 sentence to the date he absconded. The petitioner's 1976 sentences, representing the longer unexpired time to run, became his controlling sentences pursuant to the statute (see Penal Law, § 70.30, subd 1).

The petitioner then commenced this proceeding, alleging that he had been wrongfully deprived of approximately one year of jail time credit—that is, he claimed an additional credit of 363 days of jail time served prior to the imposition of his 1974 sentence against the minimum and maximum terms of his 1976 sentences. Special Term, citing *People ex rel. Middleton v Zelker* (42 AD2d 998, affd 36 NY2d 691) and *Matter of Colon v Vincent* (49 AD2d 939, affd 41 NY2d 1084), ruled that petitioner was entitled to the jail time credit sought. We disagree.

II

Section 70.30 (subd 1, par [a]) of the Penal Law provides that when a person is under more than one indeterminate sentence, "[i]f the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences, and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to

run". Subdivision 3 of section 70.30 of the Penal Law continues by prescribing:

"Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court * * * the credit shall also be applied against such portion of the minimum period as exceeds one year. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:

"(a) If the sentences run concurrently, the credit shall be applied against each such sentence".

▮▮ These provisions clearly bar jail time credit against the maximum term where such time has already been applied to a previously imposed sentence. Moreover, the statute appears to grant an allowance of jail time only where jail time is served on more than one charge with respect to multiple sentences, simultaneously imposed.

Several difficult areas of interpretation of the statute have arisen, not specifically covered by its terms, contained basically within three categories of cases.

▮ In the first category the prisoner, already serving a term of imprisonment, has been transferred to a local facility to await the disposition of unrelated charges. Jail time allowance has been applied for by the prisoner to be granted toward the second sentence, for the period from which he was transferred to the local facility until the second conviction and the imposition of sentence thereon. In such cases it has been held that the prisoner is not entitled to the jail time allowance toward his second sentence, since the time has already been credited against the previously imposed sentence. (*Matter of Canada v McGinnis*, 36 AD2d 830, affd 29 NY2d 853; *Matter of Kalamis v Smith*, 42 NY2d 191.)

▮ In the second category the prisoner has been arrested on charges which eventually result in a conviction, and while

released on bail he is rearrested on new charges and is subsequently held on both charges awaiting trial. The sentences on the separate charges were not simultaneously imposed, but were directed by the court to run concurrently. The prisoner then claims an allowance of jail time against the maximum of both sentences for the period after which bail was exonerated until the commencement of service of the first sentence. Here the jail time credit has been granted upon the theory that there was no previously imposed sentence when the jail time was served and that the fact that it was later credited to another sentence, before the controlling sentence was imposed, did not preclude a second jail time credit. (*Matter of Collins v Vincent,* 42 NY2d 191.)

■ The third category involves the situation where the prisoner has been arrested and has served jail time with respect to the charges for which he was arrested. Subsequently he was released awaiting disposition of the case, was then rearrested on other charges and was held on both charges. Sentences thereafter were simultaneously imposed. The prisoner sought jail time credit against both sentences for the time served solely in connection with the first charges. In *Matter of Colon v Vincent* (49 AD2d 939, affd 41 NY2d 1084, *supra),* jail time credit was allowed against both sentences, on the ground that the time was not credited to a previously imposed sentence and that, although the crimes were committed at different times, they culminated in more than one concurrent sentence.

In the second and third categories the statute has been construed liberally in favor of the prisoner, largely in the furtherance of the interests of justice. In effect, a concept in the nature of constructive custody has been employed by the courts to reflect an interpretation inclining toward concurrent sentences rather than consecutive sentences. Accordingly, in *People ex rel. Middleton v Zelker* (42 AD2d 998, 999, affd on the memorandum at the Appellate Division 36 NY2d 691, *supra),* we noted that the "petitioner should be granted the credit in the interests of justice", since "[o]therwise, he would in effect be serving consecutive sentences". In *Matter of Colon v Vincent* (49 AD2d 939, 940, affd on the memorandum at the Appellate Division 41 NY2d 1084, *supra),* again we found that the policy favoring concurrent sentences should be applied for the prisoner's benefit. In like fashion, in *People ex rel. Kovzelove v Bombard* (54 AD2d 968), the credit for jail time was

allowed against sentences in four different counties, because each court had stated that its sentence was to run concurrently with the other sentences (cf. *Matter of Charos v New York State Dept. of Correctional Servs.*, 53 AD2d 654; *Matter of Roballo v Le Fevre*, 56 AD2d 830; Ann. 77 ALR3d 182, 230-232).

## III

The appeal before us is unlike any of the three categories—indeed, the petitioner's prayer for relief stretches the second and third group of cases out of shape. Here the petitioner asks us to apply jail time served with respect to his first conviction to the controlling sentences on his second conviction—sentences imposed more than two years after the first sentence. The petitioner had already served one year and five months of the first sentence when the later crimes were committed. Moreover, the petitioner absconded while serving the first sentence.

■ Under these circumstances, there are no compelling reasons for the exercise of a liberal interpretation of the statute in the interests of justice. The clear intent of the statute that jail time credit shall not include any time already applied to a previously imposed sentence must be enforced here (see Penal Law, § 70.30, subd 3). The long separation of time between the two sentences and the actions of the petitioner in absconding and committing another crime, are grounds militating against an interpretation in favor of the petitioner.

The judgment should be reversed and the proceeding dismissed.

DAMIANI, RABIN and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Dutchess County, dated June 15, 1977, reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits.