In the Matter of JAMES C. MULLEN, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Appellant.

Third Department, November 17, 1988

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Martin A. Hotvet, Wayne L. Benjamin* and *Denise A. Hartman* of counsel), for appellant.

*John D. Charles* and *David C. Leven* for respondent.

## OPINION OF THE COURT

MERCURE, J.

Petitioner was arrested on January 24, 1979 and charged with criminal sale of a controlled substance in the third degree, alleged to have taken place on December 21, 1978 (hereinafter charge I). He waived indictment, was prosecuted by superior court information, pleaded guilty to the charge and was sentenced on April 9, 1979 to an indeterminate prison term of five years to life. On January 23, 1980, after petitioner served 9 months and 15 days of that sentence, County Court vacated the judgment of conviction and the sentence imposed thereon because petitioner had unlawfully waived indictment for a class A felony. Petitioner was at that time returned to the Albany County Jail in lieu of bail pending Grand Jury action. While petitioner was in jail, an accusatory instrument was filed and a warrant lodged with respect to a second unrelated charge of criminal sale of a controlled substance in the third degree, alleged to have occurred on January 7, 1979 (hereinafter charge II). Petitioner was tried on charge II, convicted and sentenced to an indeterminate prison term of 8⅓ years to life. Charge I was never presented to a Grand Jury, assumedly because of the conviction and sentence on charge II.

Petitioner commenced this CPLR article 78 proceeding in Supreme Court, seeking a credit pursuant to Penal Law § 70.30 (3) for the time spent in State prison on charge I (Apr. 9, 1979 to Jan. 23, 1980), to be applied to the sentence imposed on charge II. Supreme Court granted the petition in all respects and ordered respondent to credit petitioner with additional time in the amount of 9 months, 15 days.

Respondent appeals, contending, *inter alia,* that the last paragraph of Penal Law § 70.30 (3), the so-called "dismissal-acquittal paragraph", (1) credits only "jail time", i.e., time served in local custody prior to a judgment of conviction and not time served in a State prison after conviction and sentence, and (2) applies the credit only when the first charge results in dismissal or acquittal prior to imposition of sentence. We conclude that both contentions are correct. Accordingly, we reverse.

The Court of Appeals has long construed the first paragraph of Penal Law § 70.30 (3) as authorizing credit for time spent in custody prior to the formal commencement of a sentence. In *Matter of Kalamis v Smith* (42 NY2d 191, 197), the court

explained: "The primary purpose of the statute is to give a person convicted of a crime, credit for the time he has spent in local custody awaiting disposition of the charge. It is also intended to give him credit for the time spent in a local facility after pronouncement of sentence, since an indeterminate sentence does not formally commence until the person is received at a State institution". Therefore, time served in State prison following formal commencement of the sentence imposed on charge I may not be applied to the sentence imposed on charge II.

Additionally, in *Matter of Hawkins v Coughlin* (72 NY2d 158, 164), the Court of Appeals held that "the dismissal-acquittal paragraph clearly envisions that the 'dismissal' of the first charge occur prior to the formal commencement of any sentence imposed on that charge, and thus does not encompass dismissals that result as a consequence of a successful appeal from a judgment of conviction". In our view, that determination is controlling here. Since the vacatur of petitioner's judgment of conviction on charge I occurred after sentence was imposed, it did not constitute a dismissal or acquittal within the purview of the last paragraph of Penal Law § 70.30 (3) and, accordingly, that section does not apply.

MAHONEY, P. J., KANE, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and petition dismissed.