People ex rel. Watkins v Collins (2024 NY Slip Op 50532(U))

[*1]

People ex rel. Watkins v Collins

2024 NY Slip Op 50532(U)

Decided on May 7, 2024

Supreme Court, Washington County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2024
Supreme Court, Washington County

The People of the State of New York ex rel. Kai Watkins, Petitioner,

against
Superintendent Collins, G.M.C.F., Respondent.

Index No. 2023-35671

For Petitioner:
Kai Watkins, Pro se
For Respondent:
Nicholas W. Dorando, Esq.
State of New York, Office of the Attorney General
The Capitol
Albany, New York 12224

Robert J. Muller, J.

This proceeding pursuant to CPLR article 70 having originated by the Petition of Kai Watkins, filed in the Washington County Clerk's office on July 31, 2023,
And the Court having considered the Petition with exhibits attached thereto, undated, the Return of Nicholas W. Dorando, Esq. with exhibits attached thereto, dated August 30, 2023, the Reply to Return of Kai Watkins with exhibits attached thereto, dated September 5, 2023, the correspondence of Kai Watkins with exhibit attached thereto, dated November 27, 2023, the correspondence of Nicholas W. Dorando, Esq., dated December 8, 2023 and April 4, 2024, and correspondence of Kai Watkins dated April 12, 2024. 
And the Court having found that on January 4, 2018, following a conviction at trial for Robbery in the Second Degree and Assault in the Third Degree, Petitioner was sentenced as a persistent violent felony offender to an indeterminate term of incarceration, the minimum term of which was sixteen years, and the maximum term was life, by the Hon. Lester B. Adler, Justice of the Bronx County Supreme Court [FN1]
. While serving this sentence and housed at Clinton [*2]Correctional Facility, Petitioner was charged with First Degree Promoting Prison Contraband. On May 24, 2022, Petitioner entered a plea of guilty to First Degree Promoting Prison Contraband and was sentenced as a second felony offender to an indeterminate term of incarceration of which the minimum was two years and the maximum term was four years. The Hon. Keith M. Bruno imposed this sentence to run consecutive to any sentence Petitioner may currently be serving. (Respondent's Ex. C) 
On February 9, 2023, the Appellate Division, First Department reversed petitioner's 2018 conviction for robbery and remitted the matter for a new trial. Instead of proceeding to trial, on June 23, 2023 petitioner entered a plea of guilty to Robbery in the Third Degree and in exchange he was sentenced as a second felony offender to an indeterminate term of three to six years incarceration, nunc pro tunc, to January 4, 2018. On October 18, 2023 Petitioner again appeared in Bronx County, Supreme Court and was resentenced on this robbery conviction to an indeterminate term of three to six years, this time to run concurrently with the prison contraband sentence. 
Upon DOCCS' calculation of the new sentence for the robbery conviction, it was determined Petitioner's maximum expiration date would have been October 7, 2019. Petitioner's resentence effectively resulted in time-served. Petitioner, however, seeks to receive credit for time he served on his sentence for robbery be applied toward his prison contraband sentence, arguing it is required because the Bronx Court ordered the sentences to run concurrently. 
Preliminarily, PL 70.30(3) provides the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court, the credit shall also be applied against the minimum period. The credit shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence. [emphasis added PL 70.30(3)]. Petitioner, having already been sentenced and serving time on his robbery conviction was not entitled to receive credit for any time served on the prison contraband charge while the case was pending under this statute, or after conviction because the contraband sentence was ordered to run consecutively. Not until Petitioner's robbery conviction was vacated by the Appellate Division, First Department on February 9, 2023 would defendant begin to accrue time toward his prison contraband sentence. 
Additionally, when a sentence of imprisonment that has been imposed is vacated and a new sentence is imposed on such person for the same offense, as here, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence. [PL 70.30(5)] Upon Petitioner's subsequent plea and resentence on the robbery charge, DOCCS recalculated his indeterminate term of three to six years, crediting him for time he had served, and determined his maximum expiration date to be October 7, 2019 and therefore the sentence imposed was discharged as of that date. Even though PL 70.25 authorizes a sentencing court to impose sentences to run concurrently with an undischarged term of imprisonment, because Petitioner's [*3]robbery sentence was effectively discharged before the imposition of sentence for the contraband conviction on May 24, 2022, the Bronx court was without authority to impose a concurrent sentence. 
Moreover, there is no mechanism in the Penal Law which allows for an artificial, retroactive, recalculation of commencement of Petitioner's sentence on the prison contraband conviction. (See Powell v Malcolm, 44 AD2d 65, 353 N.Y.S.2d 437, 1974 NY App. Div. LEXIS 5435 (NY App. Div. 1st Dep't), app. dismissed, 34 NY2d 752, 357 N.Y.S.2d 863, 314 N.E.2d 423, 1974 NY LEXIS 1584 (NY 1974) Defendant who served 108 days of confinement after being arrested for offense in 1967 for which he was not sentenced was not entitled to credit such time toward sentence for subsequent offense); (Mullen v Coughlin, 142 AD2d 5, 534 N.Y.S.2d 799, 1988 NY App. Div. LEXIS 11261 (NY App. Div. 3d Dep't 1988), app. denied, 73 NY2d 708, 540 N.Y.S.2d 1003, 538 N.E.2d 355, 1989 NY LEXIS 385 (NY 1989) Petitioner was not entitled to credit pursuant to CLS Penal § 70.30(3) for time spent in state prison on one conviction, to be applied to sentence imposed on subsequent unrelated charge, since (1) time spent in prison on first conviction occurred after formal commencement of sentence and statute only authorized credit for time spent in custody prior to formal commencement of sentence, and (2) petitioner's first conviction had been vacated on appeal, but dismissal-acquittal paragraph of statute envisioned dismissal before formal commencement of sentence and did not encompass dismissals as result of successful appeal); (Matter of Manley v Annucci, 167 AD3d 1202, 1205 [3d Dept 2018]) The statute further provides that "[t]he credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence" (Penal Law § 70.30 [3] [emphasis added]). Id. at 1024.
Now, upon due deliberation, it is hereby
ORDERED AND ADJUDGED that the Petition is denied in its entirety.
May 7, 2024, at
Lake George, New York.
ROBERT J. MULLER, J.S.C.

Footnotes

Footnote 1:Petitioner was also sentenced to a definite sentence of one year on the misdemeanor, third degree assault, conviction which by operation of law is subsumed by the prison sentence. [PL 70.35]